RECEIVED

2005 OCT 25 P 2:55

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, a mutual insurance company incorporated in the State of Michigan, <br><br> Plaintiff, <br><br> v. <br><br> SUNSHINE CAMPING CENTER, INC., a corporation; UNION PLANTERS BANK, N.A., and/or UNION PLANTERS BANK, N.A. n/k/a REGIONS BANK, N.A., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.: 1:05cv1024-T ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, Auto-Owners Insurance Company (hereinafter sometimes referred to as "Auto-Owners"), is a mutual insurance company incorporated and organized under the laws of the State of Michigan, having its principal place of business in the State of Michigan. Auto-Owners is not incorporated or organized in the State of Alabama or the State of Tennessee and does not have its principal place of business in the State of Alabama or the State of Tennessee. Plaintiff is authorized to do business in the State of Alabama.

2. Defendant Sunshine Camping Center, Inc., (hereinafter sometimes referred to as "Sunshine Camping Center") is believed to be an Alabama corporation having its principal place of business in Dale County, State of Alabama. Sunshine Camping Center

is not incorporated or organized in the State of Michigan and does not have its principal place of business in the State of Michigan.

3.      Defendant Union Planters Bank, N.A., and/or Union Planters Bank, N.A. n/k/a Regions Bank, N.A., (hereinafter sometimes referred to as "Union Planters/Regions") is believed to be a national banking association which merged into Regions Bank, N.A. on or about June 29, 2005, and which is a national banking association located in and organized in the State of Alabama and having its main office, operations and principal place of business in the State of Alabama, and is the Plaintiff in that certain civil action styled Union Planters Bank, N.A. v. Sunshine Camping Center, Inc., et al., Case No.: CV-04-251-M, pending in the Circuit Court for Dale County, Alabama. Union Planters/Regions is not located, incorporated or organized in the State of Michigan and does not have its main office or operations, or principal place of business in the State of Michigan, and is not located in or deemed a citizen of the State of Michigan.  Union Planters Bank, N.A. is believed to have previously maintained its main office and operations, and principal place of business in the State of Tennessee.  Neither Union Planters Bank, N.A., or its successor, Regions Bank, N.A., are believed to list or have listed the State of Michigan as the location of their main office or operations or principal place of business in their respective certificate of organization, articles of association or amendments thereto. For purposes of this action and diversity jurisdiction, Union Planters/Regions is not deemed a citizen of the State of Michigan under 28 U.S.C. §1348.

4.      The matter in controversy and which is the subject of the underlying state court action, Case No.: CV-04-251-M, and Count I of this complaint for declaratory relief and judgement exceeds, exclusive of interest and costs, the sum of seventy-five thousand

and no/100 dollars ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332, 28 U.S.C. §1348 and the Federal Declaratory judgment Act 29 U.S.C. §2201, et. seq. Venue is proper pursuant to 28 U.S.C. § 1391.

### COUNT I

5.   Auto-Owners adopts by reference and realleges paragraphs 1, 2, 3 and 4 of the Jurisdictional Allegations Section of this complaint for declaratory relief and judgment as if fully set forth herein.

6.   Auto-Owners is an insurance company that from 20 February 2003 to 20 February 2005 had in force a policy of insurance issued to Sunshine Camping Center, Inc. The Tailored Protection policies of insurance contained a Commercial General Liability coverage (CGL) and Garage Liability coverage (GL) which provided certain insurance coverage as defined and limited in the policy, against damages that the insured became legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage and coverage for damage because of bodily injury and property damage neither expected or intended by the insured arising from a garage hazard. Said CGL and GL coverages contained a number of limitations, exclusions, conditions and terms. Exhibit "1" to this complaint for declaratory judgment are true and correct specimen copies of excerpted portions of the applicable CGL coverage and GL coverage forms and endorsements of the above-referenced Tailored Protection insurance policies (minus the declaration pages). The entire contents of Exhibit "1" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

7.    On or about August 20, 2004, Union Planters Bank, N.A., filed suit against Sunshine Camping Center, Inc. and others in the Circuit Court of Dale County, Alabama. The suit was styled Union Planters Bank, N.A. v. Sunshine Camping Center, Inc., et al., Case No.: CV-04-251-M(hereinafter sometimes referred to as "CV-04-251-M"). A true and correct copy of the complaint is attached hereto as Exhibit "2".   Count I of the complaint in CV-04-251-M alleges breach of contract. Count II of the complaint in CV-04-251-M alleges negligence. Count III of the complaint in CV-04-251-M alleges wantonness. Count IV of the complaint in CV-04-251-M alleges fraud.  Count V of the complaint in CV-04-251-M alleges conversion. Count VI of the complaint in CV-04-251-M alleges civil felony. Count VII of the complaint in CV-04-251-M alleges conspiracy.  Count VIII of the complaint in CV-04-251-M alleges wrongful hiring, training, and/or supervision. Count IX of the complaint in CV-04-251-M alleges wrongful entrustment.  The specific allegations of Union Planters Bank, N.A., in CV-04-251-M are set forth in Exhibit "2" to this complaint for declaratory relief and judgment.

8.    It is Auto-Owners' contention and position that its policies of insurance do not provide insurance coverage to Sunshine Camping Center, Inc., for any of the claims, damages and/or allegations asserted by Union Planters Bank, N.A., in the complaint filed in CV-04-251-M.  Auto-Owners also contends that some or all of the claims, damages and/or allegations asserted or demanded in the complaint are excluded by the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference. Plaintiff, Auto-Owners, contends, without limitation, that it does not owe insurance coverage for the following reasons, among others:

a.    The Commercial General Liability coverage contained in the policy only

4

provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" as defined in the policy. The damages or injury must occur in the coverage territory and during the policy period. Further, the insurance applies to "bodily injury" and "property damage" only if caused by an "occurrence" that takes place in the "coverage territory". Because of those policy provisions, the complaint in CV-04-251-M appears to allege claims or seek damages which are not covered by the Auto-Owners insurance policies, and some or all of the damages claimed in the complaint may not have occurred during the Auto-Owners policy terms.

b.  The complaint alleges claims and damages that were not caused by an occurrence. Damages because of bodily injury or property damage that are not caused by an "occurrence" are not covered by the CGL coverage contained in the policy. An "occurrence" is defined in the policy as follows:

> 9.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

c.  The allegations of the lawsuit are not an "occurrence" as that term is defined in the policy. The complaint alleges claims for intentional fraud or other intentional conduct which are not occurrences as defined in the policy. Damages arising from such intentional misconduct would be damages that were not accidental in nature or fortuitous and there would be no coverage for such claims under Section I, Coverage A of the CGL coverage.

5

d. Auto-Owners' Commercial General Liability coverage only provides coverage for damages because of bodily injury, property damage, personal injury or advertising injury to which the policy applies as defined and limited in the particular coverage contained in the policy. The complaint in CV-04-251-M does not appear to allege a damage that could be covered under any liability coverage contained in the Auto-Owners' policy. The damages claimed by Union Planters Bank, N.A., in CV-04-251-M are in the form of damages to intangible property or damages for pure economic loss or of a contractual nature which are not damages because of bodily injury, property damage, personal injury or advertising injury as defined by Auto-Owners' policy of insurance.

e. The Commercial General Liability Coverage and Garage Liability Coverage of the policies in force from 20 February 2003 to 20 February 2005 contain an Absolute Exclusion for Fraud, Misrepresentation, Deceit or Suppression or Concealment of Fact [form 59218 (1-91)]. The policies for those policy periods specifically excludes coverage for any type of fraud or suppression or misrepresentation, whether such fraud was intentional, reckless, wanton, or unintentional. This exclusionary endorsement would exclude coverage for all claims asserted in the complaint in CV-04-251-M based on fraud, misrepresentation, deceit, concealment or suppression of fact.

f. The complaint in CV-04-251-M does not allege damages because of bodily injury.

g. The complaint does not appear to allege an advertising or personal injury

6

offense; therefore, the complaint does not allege damages because of advertising injury or personal injury.

    h.    The complaint in CV-04-251-M appears to allege various forms of intentional fraud or suppression of facts or other intentional wrongful conduct which are not covered by the Auto-Owners policies. Section I, Coverage A of the Commercial General Liability coverage excludes coverage for bodily injury or property damage expected or intended from the standpoint of the insured. (See exclusion "2.a.") The Garage Liability coverage specifically states in the insuring agreement that the Garage Liability coverage only provides coverage for damages by reason of liability imposed by law or assumed under any contract as defined in the policies as an "insured contract", because of bodily injury or property damage, neither expected nor intended from the standpoint of the insured. In this case the complaint, as amended, alleges claims for damages or injuries that were expected or intended by the Defendants.

    i.    The complaint, as amended, in CV-04-251-M does not appear to allege a claim for breach of contract. To the extent the complaint, as amended, may seek damages for breach of contract, certain terms, conditions and exclusions in the applicable policy may be or could become applicable. The Commercial General Liability Coverage and the Garage Liability Coverage of the Auto-Owners' policies do not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract" or contract defined in the policy as a covered contract.

7

    Further, Auto-Owners' policies do not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an "occurrence" as defined in the CGL coverage. The Commercial General Liability Coverage also contains a contractual liability exclusion [exclusion 2.b.] deleted and replaced by endorsement 55069 (1-88) and the Garage Liability Coverage Amendatory Endorsement contains a contractual liability exclusion [form 19634, 2.c.1.].

j.   The Auto-Owners policies include endorsement 19652 (1-88), Garage Liability Coverage. This endorsement only provides coverage for damages because of bodily injury or property damage neither expected nor intended from the standpoint of the insured and arising out of the hazards defined in Section II of the coverage form. Further, Section V requires that bodily injury or property damage must occur during the policy term stated in the Declarations. The allegations of the complaint in the underlying lawsuit do not appear to arise out of a Garage Hazard as defined in that endorsement. The complaint may seek damages that did not occur during the Auto-Owners policy terms.

k.   The Auto-Owners' Garage Liability Coverage contained in the Tailored Protection policies only provides liability coverage for damages because of bodily injury or property damage arising from a garage hazard as defined and limited in the policy. As stated earlier, the lawsuit contains claims for damages that would not be damages because of bodily injury or property damage as defined in the Garage Liability coverage. Furthermore,

fraudulent conduct is not a garage hazard.

l.  The complaint, as amended, seeks the recovery of punitive damages based on intentional fraud, suppression of fact, civil felonies, and a conspiracy to defraud. Auto-Owners' asserts that punitive damages resulting from such fraud or other intentional wrongful conduct would not be covered under the policies of insurance issued by Auto-Owners or under any coverage contained in such policies.

m.  The lawsuit contains claims for willful and/or intentional wrongful conduct. Auto-Owners asserts that its policies do not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [See insuring agreement of the Garage Coverage/Policy and exclusion 2.a., Section I, Coverage A of the Commercial General Liability Coverage.] Auto-Owners also contends that such intentional acts or conduct would not constitute an occurrence as defined in the Commercial General Liability Coverage or a garage hazard as defined in the Garage Liability Coverage.

9.  Auto-Owners further contends that it is against the public policy of the State of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts such as alleged in the complaint.

10. Conversely, Defendant, Sunshine Camping Center, Inc., and Union Planters/Regions are believed to contend that the Auto-Owners policies of insurance cover some or all of the allegations, damages or actions contained in the complaint in CV-04-251-M.

11. Auto-Owners is currently providing a defense to Sunshine Camping Center, Inc., under a full and complete reservation of rights, including without limitation, the right to withdraw the defense being provided.

12. Auto-Owners therefore avers that there exists between the parties a genuine controversy regarding whether there is coverage under the insurance policies in question and as to whether Auto-Owners is obligated to provide a defense or indemnity to Defendant Sunshine Camping Center, Inc., in that certain lawsuit filed by Union Planters Bank, N.A., in the Circuit Court for Dale County, Alabama, case number CV-04-251-M. Auto-Owners therefore requests that the Court declare the rights, obligations and remedies of the parties herein.

**WHEREFORE,** these premises considered, Plaintiff Auto-Owners Insurance Company prays that the Court, after hearing the evidence regarding the allegations of the complaint, will enter a final judgment which orders and declares as follows:

A. That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage to Sunshine Camping Center, Inc., under any coverage in any insurance policy issued by Auto-Owners Insurance Company for any of the claims or damages asserted in the civil action filed by Union Planters/Regions in the Circuit Court for Dale County, Alabama, Civil Action No. CV-04-251-M.

B. That Plaintiff, Auto-Owners Insurance Company, does not have a duty to defend Sunshine Camping Center, Inc., and that Auto-Owners does not have a duty to pay any damages, judgment or settlement based on the events alleged in the civil action filed by Union Planters/Regions in the Circuit Court

10

for Dale County, Alabama, Civil Action No. CV-04-251-M.

C. That Plaintiff, Auto-Owners Insurance Company, does not owe insurance coverage, a defense or indemnity to Defendant, Sunshine Camping Center, Inc., for any of the claims or damages set forth in the complaint and lawsuit filed in the Circuit Court for Dale County, Alabama, Civil Action No.: CV-04-251-M.

D. Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff, Auto-Owners Insurance Company, to Defendant, Sunshine Camping Center, Inc.

E. That the Court grant such other, further, different or appropriate relief to which Plaintiff, Auto-Owners Insurance Company, may be entitled under these premises considered.

/s/ Roger S. Morrow
Roger S. Morrow, MOR032

/s/ Joel H. Pearson
Joel H. Pearson, PEA019
Attorneys for Plaintiff, Auto-Owners Insurance Company

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742

11

**Plaintiff requests that the Defendants be served by certified mail at the following addresses:**

Sunshine Camping Center, Inc.
c/o Wallace Comer Borland, III, agent for service
2377 Joe Bruer Rd.
Daleville, AL 36322

Union Planters Bank, N.A. and/or
Union Planters Bank, N.A. n/k/a
Regions Bank, N.A.
c/o CSC - Lawyers Incorporating, Svc, Inc., agent for service
150 South Perry Street
Montgomery, AL 36104