# EXHIBIT "6"

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

| | |
|---|---|
| ROBERT M. MCALLISTER § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| SUNSHINE CAMPING CENTER, INC., JON § | |
| WILLIAMS, individually and as a § | |
| Representative of SUNSHINE CAMPING § | CIVIL ACTION NO. CV-04-296 M |
| CENTER, INC., WALLACE COMER § | |
| BORLAND, III, individually and as a § | |
| Representative of SUNSHINE CAMPING § | |
| CENTER, INC., AND UNION PLANTERS § | |
| BANK, NATIONAL ASSOCIATION § | |
| § | |
| Defendants. § | |

## CROSS-CLAIM AND THIRD-PARTY CLAIM

COMES NOW, Defendant Union Planters Bank, N. A. (sometimes herein referred to as "Union Planters") and states the following cross-claim against co-defendants Sunshine Camping Center, Inc. ("Sunshine") and John K. Williams (sometimes hereinafter referred to as "Williams") and fictitious third-party defendants 1, 2, 3, 4 and 5 who are the persons, firms, corporations or other legal entities who committed the acts complained of herein and whose names are unknown at this time but will be substituted when ascertained, as follows:

1. On or about January 26, 2002, Union Planters entered into a "Recreational Vehicle Dealer Agreement" with Sunshine or one or more of the fictitious third-party defendants. A copy of the "Recreational Vehicle Dealer Agreement" (sometimes hereinafter referred to as "the dealer agreement") is attached hereto and is incorporated by reference as if fully set forth herein at length.

2. On or about June 9, 2003, defendants Sunshine, Williams, or one or more of the fictitious third-party defendants submitted for assignment, and Union Planters accepted for

assignment, a "Retail Installment Contract and Security Agreement" in which the buyer was Robert M. McAllister (sometimes hereinafter referred to as "the McAllister contract"). In accepting the McAllister contract, and pursuant to the terms of the dealer agreement, Union Planters paid Sunshine, Williams, or one or more of the fictitious third-party defendants sums in excess of $19,000.00.

3. Within two years of the commencement of this action, Union Planters learned for the first time that, contrary to the representations and warranties contained in the dealer agreement and the McAllister contract, the signature and other information contained in the McAllister contract was false and had been forged, rendering that contract invalid and unenforceable against McAllister. Union Planters learned that not only had the signature been forged to the McAllister contract, but the contract itself was fraudulent, the item described in the contract had not been sold or transferred to McAllister, and Union Planters had no security interest in that item. Further, and as a result of the acts and omissions of Sunshine, Williams, or one or more of the fictitious third-party defendants, Union Planters has been sued in this action by Robert M. McAllister.

4. As a direct and proximate result of the wrongful acts complained of herein, Union Planters was injured and damaged. Its injuries and damages include, but are not limited to, the sums paid to Sunshine, Williams, or one or more of the fictitious third-party defendants for the McAllister contract, as well as other sums if paid under the terms of the dealer agreement. Union Planters has lost the use and benefit of those sums, as well as interest which could have been or was to be earned on those sums. It has incurred, and will incur, legal expenses, attorneys fees and the like in and about prosecuting this action to recover the sums which it paid as a result of the McAllister contract and/or the terms and conditions of the dealer agreement and, further,

has incurred, and will incur, legal expenses, attorneys fees and the like in and about the defense of McAllister's action against Union Planters.

5. The acts complained of herein were sufficiently wrongful so as to allow an award of punitive damages pursuant to Ala. Code § 6-11-20 *et seq.*

## COUNT I

### CLAIM FOR INDEMNITY

6. Union Plants readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that pursuant to the terms and conditions of the Dealer Agreement, the McAllister contract, and the legal and equitable powers of the Court or the jury, as the case may be, if Union Planters is liable to Robert M. McAllister for any claims McAllister makes against Union Planters in this lawsuit, then Sunshine, Williams, and the fictitious third-party defendants are liable to Union Planters for each and every claim, demand, amount, sum or element of damage McAllister may recover against Union Planters as the same were the direct and proximate result of acts or omissions of Sunshine, Williams, and the fictitious third-party defendants. Such would include, but not be limited to costs, expenses and attorneys fees, as well as any judgment.

WHEREFORE, the premises considered Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious third-party defendants 1, 2, 3, 4 and 5 for indemnity of any costs, expenses and/or judgments entered against it in this matter.

## COUNT II

### BREACH OF CONTRACT

7. Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Sunshine, Williams, and the fictitious

150900.1

3

third-party defendants breached the terms of the Dealer Agreement with regard to the McAllister contract by:

    A.    Failing to identify the applicant;

    B.    Failing to secure a signed credit application from the applicant;

    C.    Failing to assume all loss and damage sustained by Union Planters resulting from any false representation contained in the McAllister contract, which representations were known to be false when the McAllister contract was submitted to Union Planters;

    D.    Failing to provide proper documentation on the vehicle allegedly sold to McAllister so that Union Planters would be able to perfect a lien on the security provided;

    E.    Failing to provide a security interest in and for the McAllister contract.

    F.    Failing to insure that the McAllister contract was valid and enforceable;

    G.    Failing and/or refusing to indemnify and hold harmless Union Planters against and for any of its losses associated with the McAllister contract.

    8.    Union Planters has fulfilled all obligations under the terms of the Dealer Agreement and Sunshine, Williams and the fictitious third-party defendants have, as described above, failed or refused to fulfill their obligations under the terms of that agreement. As a direct and proximate result, Union Planters has been injured and damaged as described above

WHEREFORE, the premises considered Union Planters Bank, N.A., demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious third-party defendants 1, 2, 3, 4, and 5 for all damages recoverable at law in an action for breach of contract, in an amount in excess of $10,000 plus interest and cost.

150902.1

4

## COUNT III

## NEGLIGENCE

9.  Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Sunshine, Williams and the fictitious third-party defendants negligently breached certain duties which were owed to Union Planters as are more particularly described elsewhere in this complaint. As a direct and proximate result of these breaches of duty, Union Planters was injured and damaged as described elsewhere in this complaint.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious third-party defendants 1, 2, 3, 4, and 5 for all compensatory damages recoverable at law, in an amount in excess of $10,000 plus interest and cost.

## COUNT IV

## WANTONNESS

10. Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Sunshine, Williams, and the fictitious third-party defendants wantonly breached certain duties which were owed to Union Planters as are more particularly described elsewhere in this complaint. As a direct and proximate result of these breaches of duty, Union Planters was injured and damaged as described elsewhere in this complaint.

WHEREFORE, the premises considered, Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious third-party defendants 1, 2, 3, 4,

and 5 for all compensatory and punitive damages recoverable at law, in an amount in excess of $10,000 plus interest and cost.

## COUNT V

## FRAUD

11. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto alleges that Sunshine, Williams, and the fictitious third-party defendants 1, 2, 3, 4, and 5 committed acts of fraud as defined and proscribed by *Ala. Code § 6-5-100, et seq.*

12. Sunshine, Williams and the fictitious third-party defendants misrepresented to Union Planters certain material facts willfully to deceive or recklessly without knowledge. Alternatively, these facts were misrepresented by mistake or innocently. The facts misrepresented include, but are not limited to, the following:

    A. That the McAllister contract was genuine and enforceable;

    B. That Sunshine, Williams and the fictitious third-party defendants 1, 2, 3, 4, and 5 had, with regard to the McAllister contract, fulfilled all obligations and taken all action required of them under the terms of the Dealer Agreement;

    C. That Sunshine, Williams and the fictitious third-party defendants 1, 2, 3, 4, and 5 had sold the items described in the McAllister contract to McAllister and had provided Union Planters with a valid, enforceable security interest in the items allegedly sold; and

    D. That, at the time the Dealer Agreement was entered into, Sunshine, Williams and the fictitious third-party defendants 1, 2, 3, 4, and 5 would fulfill the obligations required under the terms of the Dealer Agreement.

13. Sunshine, Williams and the fictitious third-party defendants suppressed from Union Planters certain material facts which they were under an obligation and duty to communicate to Union Planters due to the confidential relations of the parties or from the facts of this particular case. The facts these parties suppressed from Union Planters include, but are not limited to the following:

    A. That the McAllister contract was forged and was otherwise fraudulent;

    B. That these parties had not, with regard to the McAllister contract, fulfilled the duties and obligations required under the terms of the Dealer Agreement.

14. Sunshine, Williams and the fictitious third-party defendants willfully misrepresented facts to Union Planters which induced Union Planters to act to its injury. These parties concealed material facts from Union Planters in such a manner so as to deceive and mislead. They had actual knowledge of these falsehoods or, in the alternative, even though they may not have known of the falsehood, they nevertheless intended to deceive Union Planters which is equivalent to knowledge of the falsehood. This conduct gives rise to a claim for relief pursuant to *Ala. Code* § 6-5-103.

15. Sunshine, Williams and the fictitious third-party defendants willfully deceived Union Planters with the intent to induce Union Planters to alter its position to its injury or risk which resulted in actual damage suffered by Union Planters. These parties committed acts of deceit as defined and proscribed by *Ala. Code* 6-5-104.

16. Union Planters reasonably relied and acted to its detriment on the misrepresentations, suppressions, deceits, and fraudulent deceits as more particularly described above. Union Planters' reasonable reliance includes, but is not limited to the following:

    A. Entering into the Dealer Agreement;

150902.1

7

  B. Accepting assignment of the McAllister contract;

  C. Paying certain sums to Sunshine, Williams and the fictitious third-party defendants in and about the assignment of the McAllister contract.

17. Union Planters did not know, and in exercise of due caution, could not have known, of the frauds complained of herein until, at the earliest, sometime subsequent to two years prior to the initiation of this cross-claim.

18. As a direct and proximate result of the defendants' acts of fraud, Union Planters was injured and damaged as described above.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious third-party defendants 1, 2, 3, 4, and 5 for all compensatory and punitive damages recoverable at law in an amount in excess of $10,000 plus interest and cost.

## COUNT VI

### CONVERSION

19. Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Sunshine, Williams and the fictitious third-party defendants 1, 2, 3, 4, and 5 converted to their own use and benefit monies belonging to Union Planters when they had no legal right to possession of those sums. As a result of this conversion, Union Planters was injured and damaged as described above.

WHEREFORE, the premises considered, Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious third-party defendants 1, 2, 3, 4, and 5 for all compensatory and punitive damages recoverable at law, in an amount in excess of $10,000 plus interest and cost.

150903.1  8

## COUNT VII

### CIVIL FELONY

20. Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges pursuant to *Ala. Code* § 6-5-370 (1975) that the acts of Sunshine, Williams and the fictitious third-party defendants 1, 2, 3, 4, and 5 as described herein are felonies as defined and proscribed by, among others, *Ala. Code* §§ 13A-4-3, 13A-8-3, 13A-8-192, 13A-9-3, 13A-9-6 (1975).

21. As a direct and proximate result of these felonious acts, Union Planters was injured and damaged as described above.

WHEREFORE, the premises considered, Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious third-party defendants 1, 2, 3, 4, and 5 for all compensatory and punitive damages recoverable at law in an amount in excess of $10,000 plus interest and cost.

## COUNT VIII

### CONSPIRACY

22. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Sunshine, Williams and the fictitious third-party defendants conspired, federated, and contrived among themselves to commit the wrongful acts complained of herein. As a direct and proximate result of this conspiracy, Union Planters was injured and damaged as described elsewhere herein.

WHEREFORE, the premises considered Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious third-party defendants 1, 2, 3, 4,

and 5 for all compensatory and punitive damages recoverable at law in an amount in excess of $10,000 plus interest and cost.

## COUNT IX

### WRONGFUL HIRING, TRAINING, AND/OR SUPERVISION

23. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs, and in addition thereto, alleges that Sunshine and/or one or more of the fictitious third-party defendants negligently or wantonly hired, trained, and/or supervised Williams and/or some of the other fictitious third-party defendants. As a direct and proximate result of this negligence, wantonness, and/or intentional wrongful conduct, Union Planters was injured and damaged as described above.

WHEREFORE, the premises considered, Union Planters demands judgment against Sunshine Camping Center, Inc., and fictitious third-party defendants 1, 2, 3, 4, and 5 for all compensatory and punitive damages recoverable at law in an amount in excess of $10,000 plus interest and cost.

## COUNT X

### WRONGFUL ENTRUSTMENT

24. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that Sunshine and/or some of the fictitious third-party defendants negligently, wantonly, and/or intentionally entrusted Williams and/or some of the other fictitious third-party defendants with employment and/or with access to information by which those parties could commit the wrongful acts described herein. Sunshine or some of the fictitious third-party defendants knew, or by the exercise of due and reasonable

150902.1

10

caution, should have known, that Williams or some of the other fictitious third-party defendants were incompetent and/or unfit to be given that employment or access to that information.

25. As a direct and proximate result of this wrongful entrustment, Union Planters was injured and damaged as described above.

WHEREFORE, the premises considered, Union Planters demands judgment against Sunshine Camping Center, Inc., and fictitious third-party defendants 1, 2, 3, 4, and 5 for all compensatory and punitive damages recoverable at law in an amount in excess of $10,000 plus interest and cost.

Submitted this the 11th day of November, 2004.

_____
One of the Attorneys for Defendant
Union Planters Bank, National Association


NOV 15 2004

OF COUNSEL:

Charles B. Paterson (PAT018)
John G. Smith (SMI169)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078
(334) 834-6500
Fax: (334) 269-3115

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following counsel of record by placing same in the United States mail, postage prepaid, this the 11th day of November, 2004:

Banks T. Smith
Hall Smith & Jones
P. O. Box 1748
Dothan, Alabama 36302

_____
Of Counsel

L50902.1

11

# RECREATIONAL VEHICLE DEALER AGREEMENT

NOV 15 2004

Union Planters Bank, N. A.
P.O. Box 2200
Paducah, KY 42002-2200

1. It is agreed from time to time Union Planters Bank, N.A., of Paducah, Kentucky, (hereinafter known as The Bank) will purchase contracts from _Sunshine Camping Center_ (hereinafter known as Dealer). These contracts will consist of amount owed the dealer resulting from the sale of Recreational Vehicles (RV), both new and used. These contracts will be purchased under the following conditions:

2. The dealer will identify each applicant. The dealer will secure a signed credit application from each applicant containing sufficient information for the bank to determine the credit worthiness of the applicant(s). The dealer shall assume all loss and damage sustained by the bank which results from any false representation contained in the application which the dealer knows to be false when the application is submitted to the bank.

3. The dealer will verify physical damage insurance on each vehicle and the dealer will provide proper documentation on each vehicle so that the bank will be able to properly file a lien on the security provided. Each contract will carry the dealer's full guarantee until such documentation is received by the bank.

4. The bank will purchase contracts as it finds acceptable from the dealer at the amount of unmatured installments thereof, less the bank's finance charge. The bank will provide a finders fee program for the dealer. The finders fee will equal the amount indicated on the current schedule.

5. The bank's finance charge requirements will be supplied to the dealer from time to time. These rates are subject to change upon written notification by the bank.

6. The dealer warrants that all contracts will be valid and enforceable against the purchaser. The dealer will at all times hereafter indemnify and hold harmless the bank against any and all liabilities, loans, damage, costs, and expenses of whatever kind or nature, including reasonable attorney fees arising from or connected with claims of misrepresentations or fraud, failure, or refusal in handling warranty obligations in connection with the sale or financing of any recreational vehicle under this, or any other agreement, between the parties hereto. Claims must be proven in court or agreed to by dealer and/or manufacturer.

7. The bank will pay the dealer a finders fee in the following manner:

A)  The bank shall provide the dealer a schedule of bank retention charges. The schedule shall indicate the rate of finance charge which the bank shall be entitled to retain on all assigned contracts.

B) The dealer will be allowed to obtain a finders fee on assigned contracts by writing the contract rate at a higher percentage than the bank retention. The dealer will be allowed to write the contract rate at bank retention or higher and receive a finders fee based on the current schedule at time of sale. This finders fee will be nonrefundable except in the following cases:

1.) Repossession of the collateral on the contract within the first 12 contractual payments.

2.) A payoff of the contract within 120 days of the contract date on finders fee of 5% or less, or a payoff of the contract within 180 days of the contract date on finders fee of 6%.

All or part of the finders fee may be requested to be returned to bank and payable upon request if any of the above conditions exist.

C) Any rebates of the dealer's portion of the finance charge or credit insurance premiums, necessary because of early payoffs of contracts or repossessions, will be billed to the dealer and due the bank upon receipt.

D) Changes in the buy rate and changes in finders fee could occur from time to time. Dealer will be notified in writing of these changes in the form of an addendum to this agreement. In the event of an addendum to this agreement, all other parts of this agreement shall remain valid and enforceable.

8. In the event of repossession of any unit covered under this agreement, the Bank agrees to pay dealer 10 percent (10%) commission on net proceeds derived from sale of said repossessed recreational vehicle.

This agreement may be terminated by either party upon written notification, but shall not affect the contract purchased under all of the above agreement.

Dated this _26_ day of _JAN_, _2002_.

BANK:

UNION PLANTERS BANK, N.A.

_John W. Bies_
Authorized Signature

_V R-_

Title

DEALER:

_Sunshine Camping Center Inc_
Dealer Printed Name

_[signature]_
Authorized Signature

_President_
Title

NOV 10 2004

## AUTHORIZED SIGNATURES

The following, as their signatures appear, are authorized to assign retail contracts to UNION PLANTERS BANK, N.A.:

JON K. WILLIAMS
Name (type or print)

*[signature]*
Signature

WALLACE C. BOUCHARD III
Name (type or print)

*[signature]*
Signature

_____
Name (type or print)

_____
Signature

_____
Name (type or print)

_____
Signature

_____
Name (type or print)

_____
Signature

_____
Name (type or print)

_____
Signature

By: *[signature]*
Owner, Partner of, Officers & Title

# DEALER APPLICATION FOR
## INVENTORY AND/OR RETAIL FINANCING APPROVAL

Dealership Name: _Sunshine Camping Center Inc_

Principal Address: _P.O. Box 294_
_Rt 1 Box 469C_
_Daleville, AL 36322_

Telephone No. _334-278-9101_
Fax No. _334-301-9162_
Email address _sunshinecamping@alaa_

Branch Lot Locations:

1. _Highway 84 East Level Plains, AL_
2. 
3. 
4. 

Name the Banks with Whom You Do Business:

| Name & Address | Indicate Recourse, Repurchase, or Non-Recourse | Highest Line of Credit | Checking Account |
|---|---|---|---|
| 1. Southtrust Bank | No-Recourse | N/A |  |
| 2. |  |  |  |
| 3. |  |  |  |
| 4. |  |  |  |

Name of Finance Companies with Whom You Have Done or Are Doing Business:

| Name & Address | Indicate Recourse, Repurchase, or Non-Recourse | Retail Paper Outstanding | Wholesale Paper Outstanding | Reserves |
|---|---|---|---|---|
| 1. IDA | No Recourse | None | None |  |
| 2. Conseco | No Recourse | None | None |  |
| 3. Bank of America | No Recourse | None | None |  |
| 4. CB&T | No Recourse | None | None |  |

Ownership: Sole Proprietorship _____ Partnership _✓_ Corporation _____

President: _Jon K. Williams_     Spouse: _Sirena_
Name, Date of Birth

Home Address: _658 South County Rd 9 Stoeans, AL_    Social Security Number: _423-8F-6017_

Partner: _WALLACE C. BORLAND_        _Rhonda_
Name, Date of Birth                   Spouse

_106 Hudson Ct  Ozark, AL_       _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_
Home Address                     Social Security Number

Credit References:

_Gordon Atkinson   334-347-9116_
_Farm & City_
_MBA Insurance_

I hereby authorize Union Planters Bank, N.A., to investigate my credit history.

_[signature]_                    _____
Signature                        Signature

_[signature] Wallace C. Borland III_   _____
Signature                        Signature