# EXHIBIT "2"

IN THE CIRCUIT COURT OF
DALE COUNTY, ALABAMA

| | |
|---|---|
| UNION PLANTERS BANK, N.A. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. CV 04 251 M |
| ) | |
| SUNSHINE CAMPING CENTER, INC., ) | |
| ) | |
| Defendant, ) | |
| | |
| FICTITIOUS PARTY DEFENDANT A, ) | |
| which is the legal entity that has identified ) | |
| itself to Plaintiff as "Sunshine Camping ) | |
| Center, Inc.," whose true and correct name ) | |
| is unknown at this time but will be ) | |
| substituted by amendment when ascertained,) | |
| | |
| JON K. WILLIAMS, ) | |
| | |
| FICTITIOUS PARTY DEFENDANT B ) | |
| who is the person who has identified ) | |
| himself to plaintiff as "Jon K. Williams" ) | |
| whose true and correct name is unknown to ) | |
| plaintiff at this time but will be substituted ) | |
| by amendment when ascertained, ) | |
| | |
| FICTITIOUS PARTY DEFENDANT C, D, ) | |
| E, F, G, and/or H, who are the persons, ) | |
| firms, corporations, or other legal entities ) | |
| who committed the wrongful acts ) | |
| complained of herein, whose true and ) | |
| correct name or names are unknown to the ) | |
| plaintiff at this time but will be substituted ) | |
| by amendment when ascertained, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

147505.1

## Statement of Facts

1. Plaintiff Union Planters Bank, N. A. (sometimes hereinafter referred to as "Union Planters") is a banking entity created and organized under the laws of a state or states different than Alabama, whose principal place of business is in the State of Tennessee.

2. Defendant Sunshine Camping Center, Inc. (sometimes hereinafter referred to as "Sunshine") is an Alabama corporation whose principal place of business is in Dale County, Alabama.

3. Fictitious party defendant A is the legal entity which has identified itself to Plaintiff as "Sunshine Camping Center, Inc.," whose true and correct name is unknown at this time but will be substituted by amendment when ascertained.

4. Defendant Jon K. Williams (sometimes hereinafter referred to as "Williams") is an adult resident of Geneva County, Alabama. At all times pertinent to the allegations of this complaint, defendant Williams was the president of Sunshine.

5. Fictitious party defendant B is the person who has identified himself to plaintiff as "Jon K. Williams" whose true and correct name is unknown to plaintiff at this time but will be substituted by amendment when ascertained.

6. Fictitious party defendant C, D, E, F, G, and/or H are the persons, firms, corporations, or other legal entities who committed the wrongful acts complained of herein, whose true and correct name or names are unknown to the plaintiff at this time but will be substituted by amendment when ascertained.

7. At all times pertinent to the allegations of this complaint, each defendant acted by and through its duly authorized and appointed agents, servants, employees and/or legal representatives, all of whom acted within the line and scope of such agency, employment,

service or representative capacity. Alternatively, each defendant has adopted, affirmed, and/or ratified the actions of its agents, servants, employees, and/or legal representatives as its own with regard to the allegations of this complaint.

8. At all times pertinent to the allegations of this complaint, each defendant acted as the duly authorized and appointed agent, servant, employee, or legal representative of each other defendant, and acted within the line and scope of such agency, service, employment, or representative capacity. Alternatively, each defendant has adopted, affirmed, and/or ratified the actions of each other defendant as its own with regard to the allegations of this complaint.

9. On or about January 26, 2002, Union Planters entered into a "Recreational Vehicle Dealer Agreement" with the defendants. A copy of the "Recreational Vehicle Dealer Agreement" (sometimes hereinafter referred to as "the Dealer Agreement") is attached hereto as plaintiff's Exhibit 1 and is incorporated by reference as if fully set forth herein at length.

10. On or about November 13, 2002, the defendants submitted for assignment, and Union Planters accepted for assignment, a "Retail Installment Contract and Security Agreement" in which the buyer was Hubert B. Lawson, III (sometimes hereinafter referred to as "the Lawson Contract"). In accepting the Lawson Contract, and pursuant to the terms of the Dealer Agreement, Union Planters paid to the defendants sums in excess of $26,800.00.

11. On or about June 9, 2003, the defendants submitted for assignment, and Union Planters accepted for assignment, a "Retail Installment Contract and Security Agreement" in which the buyer was Robert M. McAllister (sometimes hereinafter referred to as "the McAllister Contract"). In accepting the McAllister contract, and pursuant to the terms of the Dealer Agreement, Union Planters paid to the defendants sums in excess of $19,000.00.

12. On or about July 15, 2003, the defendants submitted for assignment, and Union Planters accepted for assignment, a "Retail Installment Contract and Security Agreement" in which the buyer was Dorothy Peters (sometimes hereinafter referred to as "the Peters Contract"). In accepting the Peters contract, and pursuant to the terms of the Dealer Agreement, Union Planters paid to the defendants sums in excess of $45,000.00.

13. Within two years of the commencement of this action, Union Planters learned for the first time that, contrary to the representations and warranties contained in the Lawson, McAllister and Peters contracts and those contained in the Dealer Agreement, the signatures and other information contained on the Lawson, McAllister, and Peters contracts were false and had been forged, rendering those contracts invalid and unenforceable against the purported purchasers. Union Planters learned that not only had the signatures been forged, but the contracts themselves where fraudulent, the items described in those contracts had not been sold to the purported purchasers and Union Planters had no security interest in those items.

14. As a direct and proximate result of the wrongful acts complained of herein, Union Planters has been injured and damaged. Its injuries and damages include, but are not limited to, the sums paid to the defendants for the Lawson, McAllister, and Peters contracts, as well as other sums it paid to the defendants under the terms of the Dealer Agreement. Union Planters has lost the use and benefit of those sums, as well as interest which could have been or was to be earned on those sums. It has incurred, and will incur legal expenses, attorney's fees and the like in and about prosecuting this action to recover the sums which it paid to the defendants.

15. The acts complained of herein were sufficiently wrongful so as to allow an award of punitive damages pursuant to *Ala. Code* § 6-11-20, et seq.

## COUNT I

## BREACH OF CONTRACT

16. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that all defendants breached the terms of the Dealer Agreement as follows:

    A. The defendants failed to identify each applicant;

    B. The defendants failed to secure a signed credit application from each applicant;

    C. The defendants failed to assume all loss and damaged sustained by Union Planters resulting from any false representations contained in the applications, which representations the defendants knew to be false when the applications were submitted to Union Planters;

    D. The defendants failed to provide proper documentation on each vehicle so that Union Planters would be able to perfect a lien on the security provided;

    E. The defendants did not provide a security interest in and for the Lawson, McAllister, and Peters contracts.

    F. The defendants failed to insure that the Lawson, McAllister, and Peters contracts, separately and severely, were valid and enforceable against the purported purchaser;

    G. The defendants have failed and refused to indemnify and hold harmless Union Planters against and for its losses associated with the Lawson, McAllister, and Peters contracts.

17. Union Planters has fulfilled all obligations under the terms of the Dealer Agreement and the defendants have, as described above, failed or refused to fulfill their

obligations under the terms of that agreement. As a direct and proximate result, Union Planters has been injured and damaged as described above.

WHEREFORE, the premises considered Union Planters Bank, N.A., demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious party defendants A, B, C, D, E, F, G, and H for all damages recoverable at law for breach of contract, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

## COUNT II

### NEGLIGENCE

18. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that the defendants negligently breached certain duties which were owed to Union Planters. As a direct and proximate result of these breaches of duty, Union Planters was injured and damaged as described elsewhere in this complaint.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious party defendants A, B, C, D, E, F, G, and H for all compensatory damages recoverable at law, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

## COUNT III

### WANTONNESS

19. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that the defendants wantonly breached certain duties which were owed to Union Planters. As a direct and proximate result of these

breaches of duty, Union Planters was injured and damaged as described elsewhere in this complaint.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious party defendants A, B, C, D, E, F, G, and H for all compensatory and punitive damages recoverable at law, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

## COUNT IV
## FRAUD  {Excluded}

20  Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto alleges that all defendants committed acts of fraud as defined and proscribed by *Ala.* Code § 6-5-100, et seq.

21. The defendants misrepresented to plaintiff certain material facts willfully to deceive or recklessly without knowledge. Alternatively, the defendants misrepresented these facts by mistake or innocently. The facts misrepresented include, but are not limited to, the following:

A. That the Lawson, McAllister, and Peters contracts were genuine and enforceable;

B. That the defendants had, with regard to the Lawson, McAllister, and Peters contracts, fulfilled all obligations and taken all actions required of them under the terms of the Dealer Agreement;

C. That the defendants had sold the items described to the buyers described in the Lawson, McAllister, and Peters contracts and had provided plaintiff with a valid, enforceable security interest in the items allegedly sold; and

7

D. That, at the time the defendants entered into the terms of the Dealer Agreement, the defendants would fulfill the obligations required of them under the Dealer Agreement.

22. All defendants suppressed from plaintiff certain material facts which the defendants were under an obligation and duty to communicate to plaintiff due to the confidential relations of the parties or from the facts of this particular case. The facts these defendants suppressed from the plaintiff include, but are not limited to the following:

A. That the Lawson, McAllister, and Peters contracts, separately and severely, were forged and were otherwise fraudulent;

B. That the defendants had not, with regard to the Lawson, McAllister, and Peters contracts, fulfilled the duties and obligations required of them under the terms of the Dealer Agreement.

23. All defendants willfully misrepresented facts to plaintiff which induced plaintiff to act to its injury. The defendants concealed material facts from plaintiff in such a manner so as to deceive and mislead. The defendants had actual knowledge of these falsehoods or, in the alternative, even though these defendants may not have known of the falsehood, they nevertheless intended to deceive the plaintiff which is equivalent to knowledge of the falsehood. This conduct gives rise to a claim for relief pursuant to *Ala. Code* § 6-5-103.

24. The defendants willfully deceived plaintiff with the intent to induce the plaintiff to alter its position to its injury or risk which resulted in actual damage suffered by plaintiff. The defendants committed acts of deceit as defined and proscribed by *Ala. Code* 6-5-104.

25. Plaintiff reasonably relied and acted to its detriment on the misrepresentations, suppressions, deceits, and fraudulent deceits committed by the defendants as more particularly described above. Plaintiff's reasonable reliance includes, but is not limited to the following:

    A. Entering into the Dealer Agreement with the defendants;

    B. Accepting assignment of the Lawson, McAllister and Peters contracts;

    C. Paying certain sums to the defendants in and about the assignment of those contracts.

26. Plaintiff did not know, and in exercise of due caution, could not have known of the frauds complained of herein until, at the earliest, sometime subsequent to two years prior to the filing of this action.

27. As a direct and proximate result of the defendants' acts of fraud, plaintiff was injured and damaged as described above.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious party defendants A, B, C, D, E, F, G, and H for all compensatory and punitive damages recoverable at law, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

## COUNT V
## CONVERSION  *no document*

28. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that the defendants converted to their own use and benefit monies belonging to plaintiff when the defendants had no legal right to possession of those sums. As a result of this conversion, plaintiff was injured and damaged as described above.

9

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious party defendants A, B, C, D, E, F, G, and H for all compensatory and punitive damages recoverable at law, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

## COUNT VI

### CIVIL FELONY

29. Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges pursuant to *Ala. Code* § 6-5-370 (1975) that the defendants' acts as described herein are felonies as defined and proscribed by, among others, *Ala. Code* §§ 13A-4-3, 13A-8-3, 13A-8-192, 13A-9-3, 13A-9-6 (1975).

30. As a direct and proximate result of the defendants' felonious acts, plaintiff was injured and damaged as described above.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious party defendants A, B, C, D, E, F, G, and H for all compensatory and punitive damages recoverable at law, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

## COUNT VII

### CONSPIRACY

31. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that all defendants contrived, conspired, federated, and contrived among themselves to commit the wrongful acts complained of herein. As a direct and proximate result of this conspiracy, plaintiff was injured and damaged as described elsewhere in this complaint.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against Sunshine Camping Center, Inc., Jon K. Williams, and fictitious party defendants A, B, C, D, E, F, G, and H for all compensatory and punitive damages recoverable at law, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

## COUNT VIII

### WRONGFUL HIRING, TRAINING, AND/OR SUPERVISION

32. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs, and in addition thereto, alleges that defendant Sunshine and/or one or more of the fictitious party defendants negligently or wantonly hired, trained, and/or supervised defendant Williams and/or some of the other fictitious party defendants. As a direct and proximate result of this negligence, wantonness, and/or intentional wrongful conduct, plaintiff was injured and damaged as described above.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against defendant Sunshine Camping Center, Inc., and fictitious party defendants A, C, D, E, F, G, and H for all compensatory and punitive damages recoverable at law, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

## COUNT IX

### WRONGFUL ENTRUSTMENT

31. Plaintiff Union Planters readopts and realleges all the allegations of the above and foregoing paragraphs and, in addition thereto, alleges that defendant Sunshine and/or some of the fictitious party defendants negligently, wantonly, and/or intentionally entrusted defendant Williams and/or some of the other fictitious party defendants with employment and/or with access to information by which those defendants could commit the wrongful acts described

147505.1

11

herein. Defendant Sunshine or some of the fictitious party defendants knew, or by the exercise of due and reasonable caution, should have known, that defendant Williams or some of the other fictitious party defendants were incompetent and/or unfit to be given that employment or access to that information.

32. As a direct and proximate result of this wrongful entrustment, plaintiff was injured and damaged as described above.

WHEREFORE, the premises considered, plaintiff Union Planters demands judgment against defendant Sunshine Camping Center, Inc., and fictitious party defendants A, C, D, E, F, G, and H for all compensatory and punitive damages recoverable at law, in an amount to be determined by the Court, said amount in excess of $10,000 plus interest and cost.

Respectfully submitted this __18th__ day of August, 2004.

_____
One of the attorneys for Plaintiff

OF COUNSEL:

John G. Smith (SMI169)
Charles B. Paterson (PAT018)
BALCH & BINGHAM, LLP
Post Office Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115



FILED
DALE COUNTY, AL
AUG 2 0 2004
MARY BLUDSWORTH
CIRCUIT CLERK

# RECREATIONAL VEHICLE DEALER AGREEMENT

Union Planters Bank, N. A.
P.O. Box 2200
Paducah, KY 42002-2200

1. It is agreed from time to time Union Planters Bank, N.A., of Paducah, Kentucky, (hereinafter known as The Bank) will purchase contracts from _Sunshine Camping Center_ (hereinafter known as Dealer). These contracts will consist of amount owed the dealer resulting from the sale of Recreational Vehicles (RV), both new and used. These contracts will be purchased under the following conditions:

2. The dealer will identify each applicant. The dealer will secure a signed credit application from each applicant containing sufficient information for the bank to determine the credit worthiness of the applicant(s). The dealer shall assume all loss and damage sustained by the bank which results from any false representation contained in the application which the dealer knows to be false when the application is submitted to the bank.

3. The dealer will verify physical damage insurance on each vehicle and the dealer will provide proper documentation on each vehicle so that the bank will be able to properly file a lien on the security provided. Each contract will carry the dealer's full guarantee until such documentation is received by the bank.

4. The bank will purchase contracts as it finds acceptable from the dealer at the amount of unmatured installments thereof, less the bank's finance charge. The bank will provide a finders fee program for the dealer. The finders fee will equal the amount indicated on the current schedule.

5. The bank's finance charge requirements will be supplied to the dealer from time to time. These rates are subject to change upon written notification by the bank.

6. The dealer warrants that all contracts will be valid and enforceable against the purchaser. The dealer will at all times hereafter indemnify and hold harmless the bank against any and all liabilities, loans, damage, costs, and expenses of whatever kind or nature, including reasonable attorney fees arising from or connected with claims of misrepresentations or fraud, failure, or refusal in handling warranty obligations in connection with the sale or financing of any recreational vehicle under this, or any other agreement, between the parties hereto. Claims must be proven in court or agreed to by dealer and/or manufacturer.

7. The bank will pay the dealer a finders fee in the following manner:

A)  The bank shall provide the dealer a schedule of bank retention charges. The schedule shall indicate the rate of finance charge which the bank shall be entitled to retain on all assigned contracts.

FILED DALE COUNTY, AL
AUG 2 0 2004
MARY BLUDSWORTH
CIRCUIT CLERK

EXHIBIT 1

B) The dealer will be allowed to obtain a finders fee on assigned contracts by writing the contract rate at a higher percentage than the bank retention. The dealer will be allowed to write the contract rate at bank retention or higher and receive a finders fee based on the current schedule at time of sale. This finders' fee will be nonrefundable except in the following cases:

1.) Repossession of the collateral on the contract within the first 12 contractual payments.

2.) A payoff of the contract within 120 days of the contract date on finders fee of 5% or less, or a payoff of the contract within 180 days of the contract date on finders fee of 6%.

All or part of the finders fee may be requested to be returned to bank and payable upon request if any of the above conditions exist.

C) Any rebates of the dealer's portion of the finance charge or credit insurance premiums, necessary because of early payoffs of contracts or repossessions, will be billed to the dealer and due the bank upon receipt.

D) Changes in the buy rate and changes in finders fee could occur from time to time. Dealer will be notified in writing of these changes in the form of an addendum to this agreement. In the event of an addendum to this agreement, all other parts of this agreement shall remain valid and enforceable.

8. In the event of repossession of any unit covered under this agreement, the Bank agrees to pay dealer 10 percent (10%) commission on net proceeds derived from sale of said repossessed recreational vehicle.

This agreement may be terminated by either party upon written notification, but shall not affect the contract purchased under all of the above agreement.

Dated this __26__ day of __JAN__, __2002__

**BANK:**

UNION PLANTERS BANK, N.A.

_____John W. Bies_____
Authorized Signature

_____V P -_____
Title

**DEALER:**

_Sunshine Camping Center Inc_
Dealer Printed Name

_[signature]_
Authorized Signature

_President_
Title

## AUTHORIZED SIGNATURES

The following, as their signatures appear, are authorized to assign retail contracts to UNION PLANTERS BANK, N.A.:

| Name (type or print) | Signature |
|---|---|
| JON K. WILLIAMS | *[signed] Jon K. Williams* |
| WALLACE C. BOULARD III | *[signed] Wallace C. Boulard III* |
|  |  |
|  |  |
|  |  |
|  |  |

By: *[signed]*
Owner, Partner of, Officers & Title

## DEALER APPLICATION FOR
## INVENTORY AND/OR RETAIL FINANCING APPROVAL

Dealership Name: Sunshine Camping Center Inc

Principal Address: P.O. Box 294
Rt 1 Box 469C
Daleville, AL 36322

Telephone No. 334-308-9101
Fax No. 334-308-9162
Email address: sunshinecamping@aol.net

Branch Lot Locations:

1. Highway 84 East Level Plains, AL
2. ___
3. ___
4. ___

Name the Banks with Whom You Do Business:

| Name & Address | Indicate Recourse, Repurchase, or Non-Recourse | Highest Line of Credit | Checking Account |
|---|---|---|---|
| 1. Southtrust Bank | No-Recourse | N/A | ✓ |
| 2. | | | |
| 3. | | | |
| 4. | | | |

Name of Finance Companies with Whom You Have Done or Are Doing Business:

| Name & Address | Indicate Recourse, Repurchase, or Non-Recourse | Retail Paper Outstanding | Wholesale Paper Outstanding | Reserves |
|---|---|---|---|---|
| 1. IDA | No Recourse | None | None | |
| 2. Conseco | No Recourse | None | None | |
| 3. Bank of America | No Recourse | None | None | |
| 4. CB&T | No Recourse | None | None | |

Ownership: Sole Proprietorship _____   Partnership ✓   Corporation _____

President: Jon K. Williams                      Sirena
            Name, Date of Birth                 Spouse

658 South County Rd 9 Slocomb, AL    423-98-609
Home Address                          Social Security Number

Partner: __WALLACE C. BORLAND__  Spouse: __Rhonda__
Name, Date of Birth

Home Address: __106 Hudson Ct Ozark, AL__   Social Security Number: __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__

Credit References:

__Gordon Atkinson   334-347-9116__
__Farm & City__
__MBA Insurance__

I hereby authorize Union Planters Bank, N.A., to investigate my credit history.

Signature: __[signature]__

Signature: __Wallace C. Borland III__

Signature: _____

Signature: _____