# EXHIBIT "7"

1

IN THE CIRCUIT COURT OF

DALE COUNTY, ALABAMA


REGIONS BANK,                    )
                                 )
      PLAINTIFF,                 )
                                 )
VS.                              )    NO. CV-04-251M
                                 )
SUNSHINE CAMPING CENTER,         )
INC., JON K. WILLIAMS,           )
ET AL.,                          )
                                 )
      DEFENDANT.                 )


* * * * * * * * * * * * * * * * * * * * * * * * * *


      The following is an excerpt of the trial in the

above case which was held May 1 - 4, 2006, at the

Dale County Courthouse, Ozark, Alabama, before The

Honorable Kenneth W. Quattlebaum.

2

```
 1                   A P P E A R A N C E S

 2

 3     FOR THE PLAINTIFF:

 4               HON. JOHN SMITH
                 BALCH & BINGHAM, LLP
 5               P. O. Box 78
                 Montgomery, Alabama 36101-0078
 6

 7               HON. LANE KNIGHT
                 BALCH & BINGHAM, LLP
 8               P.O. Box 78
                 Montgomery, Alabama  36101-0078
 9

10     FOR THE DEFENDANT SUNSHINE CAMPING CENTER, INC.

11               HON. L. MERRILL SHIRLEY
                 P.O. Box 408
12               Elba, Alabama 36323

13

14     FOR THE DEFENDANT JON K. WILLIAMS:

15               HON. WILLIAM B. MATTHEWS, JR.
                 P.O. Box 1145
16               Ozark, Alabama 36361

17

18

19

20

21

22

23

24

25
```

1      CHARGE CONFERENCE

2          THE COURT:  So with that we'll look

3      at the plaintiff's proposed charges.  I've

4      glanced through those that have been

5      requested by both parties.  And there are

6      some duplications, and we'll get to those

7      in the defendant's requested charges.

8      First of all as to charge number 1 --

9          MR. SMITH:  Your Honor, these are of

10     the plaintiff's charges, plaintiff's

11     requested?

12         THE COURT:  Yes, sir.

13         MR. SMITH:  Okay.  Thank you.

14         MR. SHIRLEY:  And, Judge, I didn't

15     notice until I started reviewing, but mine

16     should just be numbered chronologically, I

17     left the number off, when you get to them.

18         THE COURT:  That's not a problem.  We

19     can --

20         MR. SHIRLEY:  If you'll just identify

21     them as number 1 through whatever they are

22     as we go along.

23         THE COURT:  I guess the best way to

24     address this is just, Mr. Shirley, if you

25     have an objection to the proposed charge,

1    you state your objection and I'll make a

2    decision unless --

3        MR. SHIRLEY:  All right.

4        THE COURT:  -- my inclination is not

5    to give it, and then I'll just announce

6    that.  And then, Mr. Smith, you and

7    Mr. Knight can address it.

8        MR. SHIRLEY:  Let me ask you -- not

9    ever trying a case, a jury case, with

10   you -- I know like number 1 it shows it's

11   the Alabama pattern jury instruction.  And

12   if, in fact, that jury instruction was

13   given, you know, in the general charges by

14   the Court, then, you know, I would object

15   to it being given the second time.

16       THE COURT:  Yeah, I won't do that.

17       MR. SHIRLEY:  Okay.

18       THE COURT:  After having reviewed the

19   requested charges, I believe that they

20   adequately cover all the required charges

21   unless y'all have a request for an

22   additional charge.  Now, I do have some

23   introductory charges, but they don't go to

24   the specific causes of action.

25       MR. SHIRLEY:  We don't object to

1        number 1.

2             THE COURT:  Okay.  Number 1 will be

3        given.

4             MR. SHIRLEY:  And number 2 we object.

5             THE COURT:  You do object?

6             MR. SHIRLEY:  Yes, sir, because

7        although it might be -- notice it says

8        modified.  I would submit to the Court

9        that it's inadequate because it doesn't

10       have the qualifying language to associate,

11       you know, what is enumerated that's

12       supposed to be found under the facts which

13       have been presented in this case.

14           MR. SMITH:  Our response, Your Honor,

15       would be we'd be satisfied for the Court

16       to give pattern charge 3.06 as it exists

17       in the book.

18           THE COURT:  Okay.  Well, that charge

19       is different than the one you requested.

20       Well, let me see.  Let me check the

21       update, I guess, before I make that

22       statement.

23           MR. SMITH:  I'll tell you what.  Let

24       me -- I need to get the book.  I've got my

25       book here.

1           THE COURT:  Oh, I see.  Okay.  Yeah.

2           MR. SMITH:  Your Honor, the only

3      reason -- the material change is the

4      wrongful acts or omissions.  We have both

5      negligent and wanton counts in this

6      complaint and that was the purpose of the

7      modification.  But, Your Honor, we don't

8      have an objection to pattern charge 3.06

9      being given with negligent acts or

10     omissions of his agent done within the

11     scope of his employment.  That's what the

12     pattern says.

13          THE COURT:  All right.  Any objection

14     to that?

15          MR. SHIRLEY:  No, sir.

16          THE COURT:  All right.  I'm just

17     gonna modify, then.  Where it says

18     wrongful, I'm gonna insert negligent.

19     Okay.  Number 3.

20          MR. SHIRLEY:  I don't believe that

21     it's a proper charge.  Ostensible

22     authority or apparent authority as

23     interpreted there applies to the

24     substantial evidence in this case.

25          MR. SMITH:  Your Honor, our reason

1    for requesting that charge has to do with

2    the fact that from November/December of

3    '02 up until January of '04, Sunshine

4    never notified the bank that there was

5    any -- that Mr. Williams was no longer

6    authorized to assign contracts.

7         THE COURT:  Court will give that

8    charge.

9         MR. SHIRLEY:  Judge, the point I'm

10   trying to make is he just said that was an

11   omission.  And this says by acts.  Doesn't

12   say anything about omissions or failing to

13   do something.  It says definitive

14   evidence.  Ostensible authority, apparent

15   authority is a peculiar animal of agency

16   law.  And he says that what the -- what

17   they're trying to say by their facts is

18   that when you didn't tell them what went

19   on, that that's supposed to be evidence

20   of apparent authority.  Well, negative

21   conduct or no conduct or omission is not

22   something that can be apparent authority.

23        MR. SMITH:  Then, Your Honor, to

24   clear up any confusion Mr. Shirley may

25   have, they, Sunshine, provided the

1    document -- I can't recall the number,

2    it's out of Plaintiff's Exhibit 1 -- that

3    says these individuals are authorized to

4    assign contracts on behalf of Sunshine.

5    The Court will recall both Mr. Williams

6    and Mr. Borland were on that document.

7         THE COURT:  You know, I would be

8    willing to modify it by saying his acts,

9    omissions, words, or conduct reasonably

10   interpreted if that --

11        MR. SMITH:  That's acceptable to us.

12        THE COURT:  I'm gonna give the

13   charge.  I just think it's applicable in

14   this case.  All right.  Number 4, I think

15   it's just the standard --

16        MR. SHIRLEY:  Yes.

17        THE COURT:  -- pattern charge breach

18   of contract.  Any objection?

19        MR. SHIRLEY:  No, sir.

20        THE COURT:  Pattern 5 is the -- or

21   charge 5 is, I believe, the standard

22   charge for negligence, definition of

23   negligence.  Any objection?

24        MR. SHIRLEY:  No, sir.

25        THE COURT:  Number 6, joint

9

1           liability, joint several liability.

2                 MR. SHIRLEY:  Well, that's an

3           apparent clear statement of the law, but

4           it's vague and insufficient as to this

5           case.

6                 THE COURT:  I would like to hear how

7           this applies in this case, Mr. Smith.

8                 MR. SMITH:  Your Honor, there is an

9           argument from the defendant Sunshine that

10          Mr. Williams acted outside the scope of

11          his authority.  I think the evidence is

12          clear whether Mr. Williams acted outside

13          or within the scope of his authority with

14          Sunshine, he committed negligent acts.  If

15          he was, in fact, outside the scope of his

16          authority, then the claims on which we're

17          trying to predicate respondeat superior

18          liability on Sunshine would apply;

19          however, on the negligent hiring,

20          training, and supervision you've got their

21          negligent hiring, training, and

22          supervision -- that is Sunshine -- going

23          along with Mr. Williams's wrongful

24          negligent acts in creating these

25          fraudulent contracts.  They're jointly and

```
 1          severally liable for those acts because
 2          their -- because the proximate result of
 3          that negligence are the damages to our
 4          client.  Now, obviously we believe that
 5          under the evidence the jury could find
 6          that these acts were committed within the
 7          line and scope of employment.  But I think
 8          also under the evidence the jury could
 9          find they weren't committed within the
10          line and scope of the employment.  But
11          because of the wrongful hiring, training,
12          and supervision count they can -- both
13          Sunshine and Mr. Williams can be jointly
14          and severally liable for the damages
15          caused to the bank.
16               THE COURT:  I believe -- because of
17          the facts of this case and the issue that
18          we have about the corporation's liability
19          for the actions of Mr. Williams and the
20          fact that the jury could find that it
21          either is liable or is not liable, I
22          believe this charge could be confusing and
23          I'm going to refuse to give it.
24               MR. SHIRLEY:  And, Your Honor, I'm
25          sorry but the --
```

1          THE COURT:  I'm gonna refuse number

2      6.

3          MR. SHIRLEY:  Thank you.  Insofar as

4      number 7 is concerned, we would just

5      submit that there's insufficient evidence

6      to substantiate wantonness.  Appears to be

7      the pattern jury instruction.

8          THE COURT:  I'm going to give that

9      charge.

10         MR. SHIRLEY:  And same objection to

11     number 8.

12         THE COURT:  That charge will be

13     given, also.

14         MR. SHIRLEY:  Charge number 9, we

15     object to it on the grounds that it's

16     confusing.  We object to it on the grounds

17     that it is being read from the judge.

18     There is no alternative provision in this.

19     There is no basis saying if, in fact, you

20     find by the substantial evidence thus and

21     so, et cetera, et cetera, then -- the form

22     is confusing.  It's lengthy.  It's wordy.

23     And I think it's overly suggestive as

24     being a charge of hypothesis.  Meaning,

25     when you read this it's going to suggest

1     that the jury is supposed to find that

2     fraud has occurred when we submit that is

3     not been established as a matter of law

4     and fact.

5         MR. SMITH:  And, Your Honor, our

6     response would be this is pattern charge

7     18.00.  And it says at the end of the

8     first paragraph pattern charge, the fraud

9     charge in the plaintiff's complaint, is --

10    and it puts in brackets here referred to

11    the charges in the complaint and closes

12    the bracket.  And all we have done in

13    preparing is as the pattern jury charge

14    suggests, include the misrepresentations

15    and suppressions we assert in our

16    complaint.

17        THE COURT:  And then I note that that

18    charge is followed up with the various

19    definitions of willful, and I believe

20    mistaken -- or reckless and then mistaken

21    fraud.

22        MR. SMITH:  Yes, sir, that's correct.

23        THE COURT:  Okay.  Court will give

24    charge number 9.  Objection to 10?

25        MR. SHIRLEY:  I'm sorry, I thought

1  you said that you would give that and the
2  ones that followed.
3      THE COURT:  It is my intention to do
4  that, I just would give you an
5  opportunity --
6      MR. SHIRLEY:  We would -- just for
7  the record we would object.  That would go
8  through --
9      THE COURT:  Yeah.
10     MR. SHIRLEY:  -- 13?
11     THE COURT:  Yeah.  I'll be giving 10,
12  11, 12, and 13, yeah.
13     MR. SHIRLEY:  Number 14 we object on
14  the grounds that there is no evidence to
15  support the charging of that, because as a
16  matter of law there is not conversion, as
17  we addressed earlier.
18     THE COURT:  Court's going to give
19  that charge.  Number 15 will be given.
20  Court will give number 16.
21     MR. SHIRLEY:  We would object to 17
22  as being vague and incomplete.  And it
23  also being overly suggestive that there is
24  something when the question is has the
25  plaintiff proven by the substantial

1    evidence and is the jury able to find from

2    consideration of all the substantial

3    evidence whether or not thus and so.  It's

4    not a pattern jury instruction.  It's an

5    abstracted statement of the law.

6        MR. SMITH:  Your Honor, we would say

7    that there is no pattern jury instruction

8    that applies to our wrongful hiring and

9    training supervision count we've been able

10   to find.  This was taken from the Voyager

11   case where the Court stated the law with

12   regard to wrongful hiring, training, and

13   supervision.  Your Honor, if the Court

14   wants to insert, as Mr. Shirley has

15   suggested, something that it's the

16   plaintiff's obligation to produce or to

17   satisfy these elements by substantial

18   evidence, we understand that.  But we

19   believe this is a correct statement of the

20   law and given the wrongful hiring,

21   training, and supervision count that it's

22   appropriate to be given.

23       THE COURT:  Where it says liability

24   depends upon its being established by

25   substantial evidence, that such

```
1        incompetence was actually known, et
2        cetera, I will modify it to read in that
3        fashion, substantial evidence by the
4        plaintiff.  And number 18 will be refused.
5        Nineteen will be given.  Twenty will be
6        given.  Twenty-one will be given.
7        Twenty-two will be given.
8              MR. SHIRLEY:  We would object to
9        that, Your Honor.  We respectfully submit
10        that the previous charges that were given
11        adequately qualify what the damages are.
12        And to give this language and read this
13        language to the jury would be suggestive
14        that the Court has directed that they must
15        find under the allegations and argument of
16        the plaintiff and plaintiff counsel that
17        this is to be done, this is another one of
18        those hypothesis.
19              THE COURT:  You talking about 22?
20              MR. SHIRLEY:  Well, 23.
21              THE COURT:  You're referring to 23?
22              MR. SHIRLEY:  Yes, sir, I thought you
23        said you were giving 22.
24              THE COURT:  I did.
25              MR. SHIRLEY:  And remember I've got
```

1          this vent over my ears --
2                  THE COURT:  Yeah.
3                  MR. SHIRLEY:  -- and I apologize.
4                  THE COURT:  Court will give 23.
5                  MR. SHIRLEY:  I'm sorry?
6                  THE COURT:  I will give 23.  We'll
7          review the verdict form that was attached
8          in just a minute.  Let's look at the
9          defendant's requested charges.
10                 MR. SHIRLEY:  Are you gonna state
11         that these are charges from the parties or
12         these the charges --
13                 THE COURT:  I normally don't say
14         anything about that.
15                 MR. SHIRLEY:  That's what I wondered.
16                 THE COURT:  Okay.  What will be
17         number 1, wantonness definition --
18                 MR. SMITH:  I think that's already
19         covered, Your Honor.
20                 THE COURT:  That's what I was
21         thinking.  We agree that that's already
22         been given by pattern charge, so I'm going
23         to deny that.
24                 MR. SMITH:  As to number 2, duty owed
25         negligence and ordinary care, Your Honor,

1    that is a charge from the pattern.  And I

2    know the pattern has a very similar

3    charge.  We have no objection to that one

4    being given as long as it's a pattern

5    charge.

6         THE COURT:  All right.  Number 2 will

7    be given.  I think we have adequately

8    covered punitive damages.

9         MR. SHIRLEY:  That's Number 4?

10        THE COURT:  Number 3.

11        MR. SMITH:  Three.

12        MR. SHIRLEY:  Oh, okay.

13        THE COURT:  So I'm going to deny

14   defendant's requested charge number 3.

15   Number 4 on speculation, I would propose

16   to grant that charge.

17        MR. SMITH:  Again, we have no

18   objection as long as that's a pattern

19   charge, Your Honor.

20        MR. SHIRLEY:  And forgive me but you

21   are giving that?

22        THE COURT:  Yes.

23        MR. SHIRLEY:  Okay.  I'm sorry.

24        THE COURT:  I understand.  I don't

25   know if it's a pattern charge or not.

```
 1              MR. SHIRLEY:  I believe it is.  We'll
 2         look it up.
 3              THE COURT:  I think it may be, too.
 4              MR. SMITH:  We'd say that there's a
 5         pattern charge on speculation very similar
 6         to that, Your Honor, and as long as it's a
 7         pattern charge we understand.  But if it's
 8         not a pattern charge we do object.
 9              MR. SHIRLEY:  Eleven twenty-two is a
10         pattern jury instruction.  I believe
11         that's where it came from.  I asked
12         somebody that helped me prepare this just
13         to go by that number and it appears to be
14         the same thing.  Eleven twenty-two.
15              THE COURT:  Okay.  Yeah.
16              MR. SMITH:  Okay.
17              THE COURT:  Number 5, jury is the
18         judge of the facts.
19              MR. SHIRLEY:  I believe that's a
20         pattern jury instruction as well.
21              THE COURT:  And I've already given
22         that in my opening charge as well so I'm
23         going to grant that.  I'll grant number 6.
24         Propose to grant number 7.
25              MR. SMITH:  Your Honor, I believe
```

1    that's a pattern charge.  And so long as

2    it is a pattern charge I don't have any

3    objection to it.

4         THE COURT:  All right, sir.  Number 8

5    is a standard charge that the Court gives.

6    I will give it.  I believe it may be

7    included in my general charge.  So I will

8    give it.

9         MR. SHIRLEY:  Number 9 was -- is a

10   jury charge associated with jury verdict,

11   I guess.

12        THE COURT:  Is there any objection to

13   9?

14        MR. SMITH:  Without knowing, Your

15   Honor, what the plaintiff's verdict form

16   might look like, it's difficult for me to

17   frame an objection one way or the other.

18   And I would request the Court just pass on

19   ruling on this one until we discuss later

20   on what the verdict form might look like.

21        THE COURT:  All right.  Okay.  Number

22   10?

23        MR. SMITH:  We do object to that,

24   Your Honor.  That is not a pattern charge.

25   I do not believe that is a correct

1    statement of the law.  I think what the

2    law says, that any ambiguous provisions in

3    the dealer agreement or contract might be

4    resolved against Regions, but that's not

5    what it says.  Says the language used in

6    the dealer agreement is claimed by the

7    plaintiff Regions and is to be construed

8    favorably to the nonmaker defendant

9    Sunshine.  I don't believe that's a

10   correct statement of the law, nor do I

11   believe that the second paragraph this

12   dealer agreement will be construed

13   strictly against the plaintiff and

14   liberally in favor of defendant Sunshine,

15   I don't believe that's a correct statement

16   of law.

17        Third paragraph talking about

18   ambiguous provisions, that may be a

19   correct statement of the law.  But again,

20   this is not a pattern charge.  And to the

21   extent that there is a pattern charge

22   dealing with ambiguous contracts, then we

23   believe that's the appropriate one to

24   give.  Going further, we don't believe any

25   of these contracts are in anyway

```
 1        ambiguous.  I mean, I think they're very
 2        clear and very fine.  Because of that I
 3        don't believe it's proper for this charge
 4        to be given.
 5             MR. SHIRLEY:  And we respectfully
 6        submit that that is a correct and proper
 7        application of contract law under the law
 8        of Alabama.  Any document drafted is to be
 9        construed against the maker and liberally
10        in favor of the other party to the
11        agreement, the nonmaker of the document.
12        UCC law, that's insurance contract law,
13        that's contract law.  This was taken from
14        a pattern jury instruction that involved
15        how you're supposed to interpret an
16        insurance contract.  And it's the same
17        application, but that's also the general
18        application of law.  And it also, the
19        pattern jury instruction says that it's to
20        be construed strictly against the
21        plaintiff, which is undisputedly the maker
22        of this document, and liberally in favor
23        of defendant Sunshine, which is not the
24        maker, drafter, creator, writer, author of
25        this document.  And that the principles
```

```
 1              should be -- these principles should be
 2              employed in doing so.  And the contract
 3              law -- it will be for the jury to decide
 4              if it is ambiguous.  But to decide if it's
 5              ambiguous they are permitted the
 6              flexibility to rely upon it against the
 7              maker.  And then they are required by
 8              law -- if this was a nonjury case it would
 9              be the way you would be required to do it,
10              to review -- if you found ambiguous
11              provisions, it's supposed to be construed
12              most strongly against the maker and in
13              favor of the nonmaker, defendant Sunshine.
14              It's a proper, accurate, true statement of
15              the law, and it's appropriate under these
16              facts.
17                   THE COURT:  I'm gonna give it so that
18              it reads the language used in the dealer
19              agreement is framed by the plaintiff
20              Regions.  And then I'm going to go down to
21              the third paragraph, ambiguous provisions
22              of a document will be construed most
23              strongly against the maker, drafter and in
24              favor of the defendant Sunshine.
25                   MR. SHIRLEY:  And we respectfully
```

```
1     except.  And so the second paragraph is
2     omitted --
3          THE COURT:  Yes, sir.
4          MR. SHIRLEY:  -- from your charge?
5          THE COURT:  All right.  Eleven?
6          MR. SMITH:  Your Honor, we do object
7     to that.  That is not a pattern charge.
8     That is a charge that's personalized to
9     the facts of this case.  It is confusing
10    as it is written.  It is in effect an
11    affirmative charge from the Court.  I
12    think line and scope is well covered in
13    other charges that the Court has agreed to
14    give, and we believe that it will be
15    improper for the Court to give this charge
16    as it is written.
17         MR. SHIRLEY:  That's a simple
18    application of the law of principal and
19    agency, and it has also been established
20    there's a conflict in the evidence to
21    decide whether it is.  And this charge is
22    saying to them if you find this.  It's not
23    saying they have to find that.  But if you
24    do find this, your verdict must be for
25    Sunshine and against the plaintiff.
```

```
1              THE COURT:  I have a problem making

2         that read correctly.  I'm going to deny

3         that charge.  Twelve?

4              MR. SMITH:  Your Honor, we would

5         object to that one on the same grounds as

6         we did on paragraph 11.  We believe it's

7         adequately covered by other charges.  We

8         believe it's confusing as written.  And

9         the other grounds -- it's covered by other

10        charges and the other grounds we assign

11        this to defendant's Sunshine request for

12        charge number 11.

13             THE COURT:  Court's going to deny 12.

14        I'm going to deny 13.  I think that's

15        adequately covered by the charge regarding

16        burden of proof.  I believe 14 (inaudible)

17                   (Reporter asked for

18                      clarification.)

19             THE COURT:  I believe 14 is

20        adequately covered in other charges.  I'm

21        going to deny it as well.  Okay.  I have

22        drafted a verdict form here that was just

23        taken from your proposal with the

24        inconclusion of punitive damages.  So if

25        y'all will just take a look at that and
```

1    see.

2    MR. SMITH:  Thank you, Your Honor.

3    Regions is satisfied with that verdict

4    form, Your Honor.

5    MR. SHIRLEY:  Your Honor, we believe

6    first of all that under the way the case

7    has been tried that it is a possibility

8    that the Court could -- the jury could, in

9    fact, find for Jon Williams, against Jon

10    Williams on behalf of the plaintiff, and

11    then find Sunshine Camping to be not

12    responsible or a verdict for defendant

13    Sunshine.  And the second part of this

14    uses the plural term defendants, and it

15    does not distinguish.  And I guess to make

16    it accurate it would need to be that

17    broken down.  And I'm not in the habit of

18    giving suggestive verdict forms to the

19    Court when I give my jury charges --

20    THE COURT:  Yeah.

21    MR. SHIRLEY:  -- and that's out of

22    the pattern jury instruction.

23    MR. SMITH:  Maybe, Your Honor, the

24    thing to do is have two verdict forms, one

25    as to the claims against Sunshine and one

1    as to the claims against Williams.

2    THE COURT:  Okay.

3    MR. SMITH:  And Regions would be

4    satisfied if there are two verdict forms

5    like that.

6    THE COURT:  And then when I give the

7    jury its instruction about filling out

8    this form, I will instruct the jury that

9    they may find -- let's see.  Well, let me

10   just ask y'all.  Do you think any other

11   directive instructions need to be given --

12   MR. SMITH:  If --

13   THE COURT:  -- with the two separate

14   verdict forms?

15   MR. SMITH:  I know that I will talk

16   about it in my part of closing, Your

17   Honor, if there are two separate forms,

18   and we're gonna ask them to return a

19   verdict for both of them.  So I mean, to

20   the extent that that argument may be

21   explanatory.  Now, to answer your question

22   directly, we would request that the Court

23   to say if you find in favor of Regions

24   against Sunshine write it here, write

25   whichever you found.  If you find in favor

1    of Regions and against Williams here, but

2    you have to fill out both forms.

3        THE COURT:  Right.  Okay.  I will

4    have these identified as to each

5    defendant.  In other words, one will say

6    for defendant Sunshine Camping Center and

7    the other for the defendant Jon K.

8    Williams.  The name will be mentioned in

9    each verdict form.  So it will say:  We,

10   the jury, find for the defendant Jon K.

11   Williams and against the plaintiff on one

12   form.  On the other form it'll say:  We,

13   the jury, find for the defendant Sunshine

14   Camping.

15       MR. SHIRLEY:  Against the plaintiff.

16       THE COURT:  Yeah.  And at the top

17   it'll say for the plaintiff against the

18   defendant and --

19       MR. SHIRLEY:  You'll give us a copy

20   to look at that before we make our

21   summation?

22       THE COURT:  I will.  All right.  With

23   the exception of making that correction in

24   the verdict form, then, are we ready to

25   proceed with closing arguments?

28

1          MR. SMITH:  Regions is, Your Honor.

2          MR. SHIRLEY:  Yes, Your Honor, I do.

3          THE COURT:  It'll be about five

4     minutes probably before.

5               (Break in the proceedings.)

6          MR. SMITH:  We're satisfied.  I think

7     all of us are, Your Honor.

8          MR. SHIRLEY:  We don't have any extra

9     copies of those, do we?

10          THE COURT:  No, but we can sure get

11     them.

12          MR. SHIRLEY:  I'm not -- I don't

13     think -- I'm just trying to -- I'm not

14     objecting to the form, I'm just not as

15     comfortable using that as I am in some

16     cases.  You follow what I'm saying?

17          THE COURT:  Uh-huh.

18          MR. SHIRLEY:  And that's the only

19     reason I would like to have ... have a

20     copy.

21          THE COURT:  If you'll take that in

22     there to Ms. Millard and ask her to

23     make --

24          MR. SHIRLEY:  I only need the one ...

25               (The jury entered the

1          courtroom.)

2          THE COURT:  Ladies and gentlemen, at

3     this time we're prepared to move forward

4     with our closing arguments, first for the

5     plaintiff.

6               (Closing arguments by Mr.

7               Knight.)

8               (Closing arguments by Mr.

9               Shirley.)

10               (Closing arguments by Mr.

11               Matthews.)

12          THE COURT:  Before we go further just

13     let me ask, is there anybody has an urgent

14     need to take a break before we go into the

15     final closing arguments?  Okay.

16     Mr. Smith.

17               (Closing arguments by Mr.

18               Smith.)

19          THE COURT:  Now, that you've heard

20     all the evidence and the arguments of

21     counsel, it becomes my duty to explain to

22     you the rules of law that you must follow

23     and apply in deciding this case.  When I

24     am finished you will go to the jury room

25     and begin your deliberations.  In deciding

1         the case you must follow and apply all the
2         law as I explain it to you whether you
3         agree with the law or not.  Regardless as
4         to any opinion you may have as to what the
5         law is or ought to be, it would be a
6         violation of your sworn duty to base your
7         verdict upon anything other than the
8         evidence in the case.  Also, you are not
9         to single out one instruction alone as
10        stating the law, but must consider the
11        instructions as a whole.  You must not let
12        your decision be influenced in anyway by
13        either sympathy for or prejudice against
14        anyone.  Both the public and the parties
15        expect that you will carefully and
16        impartially consider all the evidence
17        without prejudice or bias or sympathy and
18        follow the law as stated by the Court to
19        render a just verdict regardless of the
20        consequences.  Our system of law does not
21        permit jurors to be governed by bias,
22        prejudice, or sympathy, or by public
23        opinion.
24            In your deliberation you should
25        consider only the evidence, that is the

1    testimony of the witnesses and exhibits
2    that I have admitted in the record;
3    however, as you consider the evidence both
4    direct and circumstantial, you make
5    deductions and reach conclusions which
6    reason and common sense lead you to make.
7    Direct evidence is the testimony of one
8    who asserts actual knowledge of a fact,
9    such as an eyewitness.  Circumstantial
10   evidence is proof of a chain of facts and
11   circumstances tending to prove or disprove
12   an ultimate conclusion.
13       Remember that anything the lawyers
14   say is not evidence in the case.  The
15   function of the lawyers is to point to
16   those things most significant or most
17   helpful to their side of the case.  It is
18   your own recollection and interpretation
19   of the evidence that controls.  What the
20   lawyers say is not binding upon you.
21   Also, you should not assume from anything
22   that I may have said or any questions I
23   may have asked that I have any opinion
24   concerning any of the issues before you in
25   this case.  Except for my instructions to

1    you on the law you should disregard

2    anything I may have said during the trial

3    in arriving at your decision concerning

4    the facts.

5         Now, in saying that you must consider

6    all of the evidence, I do not mean that

7    you must accept all the evidence as true

8    or accurate.  You should decide whether

9    you believe what each witness had to say

10   and how important the testimony was.  In

11   making that decision you may believe or

12   disbelieve any witness in whole or in

13   part.  Also, the number of witnesses

14   testifying concerning any particular

15   dispute is not necessarily controlling.

16   You may decide that the testimony of a

17   smaller number of witnesses concerning any

18   fact in dispute is more believable than

19   the testimony of a larger number of

20   witnesses to the contrary.

21        In deciding whether you believe or do

22   not believe any witness, I suggest that

23   you ask yourself a few questions.  Did the

24   person impress you as one who was telling

25   the truth; did the witness have any

1   particular reason not to tell the truth;
2   did the witness have a personal interest
3   in the outcome of the case; did the
4   witness seem to have a good memory; did
5   the witness have the opportunity and
6   ability to observe accurately the things
7   he or she testified about; did the witness
8   appear to understand the questions clearly
9   and answer them directly; did the
10  witnesses' testimony differ from other
11  testimony or other evidence.
12      You should also ask yourself whether
13  there was evidence tending to prove that
14  the witness testified falsely concerning
15  some important fact or whether there was
16  evidence that at some other time the
17  witness said or did something or failed to
18  say or do something which was different
19  from the testimony he or she gave before
20  you during the trial. You should keep in
21  mind of course that a simple mistake by a
22  witness does not necessarily mean that the
23  witness was not telling the truth as he or
24  she remembers it because people naturally
25  tend to forget some things or remember

1    other things inaccurately. So if a
2    witness has made a misstatement, you need
3    to consider whether that misstatement was
4    simply an innocent lapse of memory or an
5    intentional falsehood. And the
6    significance of that may depend on whether
7    it has to do with an important fact or
8    with only an unimportant detail.
9         Now, this is a civil case. It's not
10   a criminal case. Some of you may know
11   that in a criminal case the burden of
12   proof is beyond a reasonable doubt. This
13   is not the burden of proof in this case
14   because as I said, this is a civil case.
15   The burden is upon the plaintiff, in this
16   case Regions, to reasonably satisfy you by
17   the evidence of the truthfulness of the
18   matters and things claimed before the
19   plaintiff would be entitled to recover.
20        In deciding whether any fact has been
21   proved to your reasonable satisfaction,
22   you may consider the testimony of all of
23   the witnesses regardless of who may have
24   called them and all the exhibits received
25   in evidence regardless of who may have

1    produced them.  If the proof fails to

2    establish any essential part of that which

3    is sought to be proved to your reasonable

4    satisfaction, then you should find against

5    the party having the burden of proof.

6        At this time I'm going to give you

7    specific instructions regarding to the

8    legal matters involved in the case.  When

9    an agent is engaged to perform a certain

10   service, whatever he does to that end or

11   in furtherance of the employment is deemed

12   to be an act done within the scope of the

13   employment.  An employer is liable to

14   others for the negligent acts or omissions

15   of his agent done within the scope of his

16   employment and within the line of his

17   duties.  Apparent authority for which a

18   principal is responsible to a third party

19   for the act of his agent is that authority

20   which arises when the principal by his

21   acts, omissions, words or conduct

22   reasonably interpreted causes such third

23   party to believe that authority has been

24   given to an agent to act in his behalf and

25   such authority cannot be established

```
 1              solely by the acts of the agent.
 2                   The plaintiff in this action sues the
 3              defendant for breach of contract.  The
 4              elements of an action for breach of
 5              contract are, one, existence of a contract
 6              between plaintiff and defendant; two,
 7              performance by the plaintiff; three,
 8              defendant's failure to perform; and four,
 9              resulting damage to the plaintiff.
10              Negligence means the failure to exercise
11              reasonable care.  That is such care as a
12              reasonably prudent person would have
13              exercised under the same or similar
14              circumstances; therefore, negligence is
15              the failure to do what a reasonably
16              prudent person would have done under the
17              same or similar circumstances, or the
18              doing of something which a reasonably
19              prudent person would not have done under
20              the same or similar circumstances.
21                   Wantonness is the conscious doing of
22              some act or omission of some duty under
23              knowledge of existing conditions and
24              conscious that from doing -- from the
25              doing of such act or omission of such duty
```

1    an injury will likely or probably result.

2    Before a party can be said to be guilty of

3    wanton conduct it must be shown that with

4    reckless indifference to the consequences

5    he either consciously and intentionally

6    did some wrongful act or consciously

7    omitted some known duty which produced the

8    injury.

9        When an agent commits wantonness

10   within the line and scope of his

11   employment, his employer is also liable

12   for such wantonness regardless of the

13   employer's lack of actual participation in

14   such wantonness with his agent.

15       Ladies and gentlemen of the jury, the

16   plaintiff in this case is claiming damages

17   from the defendants for an alleged legal

18   fraud practiced upon it by the defendants.

19   The fraud charged in the plaintiff's

20   complaint is that the defendants

21   misrepresented, one, that the Hubert

22   Lawson, Robert McAllister, and Dorothy

23   Peters contracts were genuine and

24   enforceable; two, that the defendants had

25   with regard to the Lawson, McAllister, and

1    Peters contracts fulfilled all obligations
2    and taken all actions required of them
3    under the terms of the dealer agreement;
4    three, that the defendants had sold the
5    items described to the buyers described in
6    the Lawson, McAllister, and Peters
7    contracts, and had provided plaintiff with
8    a valid, enforceable security interest in
9    the items allegedly sold; four, that at
10   the time the defendants entered into the
11   terms of the recreational vehicle dealer
12   agreement the defendants would fulfill the
13   obligations required of them under the
14   recreational vehicle dealer agreement.
15        In addition the fraud charged in the
16   complaint is that the defendant
17   suppressed, one, that the Lawson,
18   McAllister and Peters contracts separately
19   and severally were forged and were
20   otherwise fraudulent; two, that the
21   defendants had not with regard to the
22   Lawson, McAllister and Peters contracts
23   fulfilled the duties and obligations
24   required of them under the terms of the
25   recreational vehicle dealer agreement.

```
 1                    The defendants for answer to the complaint
 2               say they are not guilty of the charge
 3               contained therein.
 4                    If you are reasonably satisfied from
 5               the evidence that the defendants willfully
 6               misrepresented a material fact to the
 7               plaintiff with the intent to induce
 8               plaintiff to act thereon and plaintiff did
 9               without knowledge of its falsity act upon
10               said willfulness representation to his
11               injury, then the defendants are guilty of
12               legal fraud.  If you are reasonably
13               satisfied from the evidence that the
14               defendants misrepresented a material fact
15               recklessly without knowledge of the truth
16               or falsity thereof and with the intent to
17               induce plaintiff to act and that plaintiff
18               acted upon said reckless misrepresentation
19               to his injury, then the defendants are
20               guilty of legal fraud.  If you are
21               reasonably satisfied from the evidence
22               that the defendants innocently or by
23               mistake misrepresented a material fact to
24               the plaintiff thereby inducing action by
25               the plaintiff to his injury, then the
```

1    defendant would be guilt of legal fraud.

2    If you are reasonably satisfied from the

3    evidence that the defendants concealed

4    material facts from the plaintiff and

5    without his knowledge of such material

6    facts he acted to his injury, then the

7    defendant would be guilty of legal fraud.

8        A conversion is the appropriation --

9    one, the appropriation of the personal

10   property of one person by another to its

11   own use and benefit; or, two, by

12   destruction of one's personal property by

13   another; or, three, the exercise of

14   dominion by another over personal property

15   to the exclusion or in defiance of the

16   owner's right; or, four, withholding the

17   possession of personal property from the

18   owner by another under a claim of title

19   inconsistent with the owner's title.

20       The measure of damages for the

21   conversion of personal property is the

22   value of the property as of the date of

23   the conversion or the value of the

24   property at any time between the date of

25   the conversion of the trial, whichever is

1           greater, with interest at the rate of

2           6 percent per anum from the date of

3           conversion.

4               If you are reasonably satisfied from

5           the evidence that the defendants committed

6           conduct which would amount to a felony,

7           the defendant would be guilty of a civil

8           felony.  Alabama Code Section 13-8-3,

9           theft of property in the first degree,

10          provides:  A, the theft of property which

11          exceeds $2,500 in value or property of any

12          value taken from the person of another

13          constitutes theft of property in the first

14          degree.  Theft of property in the first

15          degree is a Class B felony.  Alabama Code

16          Section 13A-8-192, identity theft,

17          provides:  A, a person commits the crime

18          of identity theft if without the

19          authorization, consent, or permission of

20          the victim, and with the intent to defraud

21          for his or her own benefit or the benefit

22          of a third person, he or she does any of

23          the following.  One, obtains records or

24          accesses identifying information that

25          would assist in accessing financial

1  resources, obtaining identification

2  documents, or obtaining benefits of the

3  victim; two, obtains goods or services

4  through the use of identifying information

5  of the victim; three, attains

6  identification documents in the victim's

7  name.

8      Identity theft in which there is a

9  financial loss of greater than $500 or the

10 defendant has previously been convicted of

11 identity theft constitutes theft in the

12 first degree.  Identity theft in the first

13 degree is a Class C felony.

14     Alabama Code Section 13A-9-3, forgery

15 in the second degree, provides:  A, a

16 person commits the crime of forgery in the

17 second degree if with intent to defraud he

18 falsely makes, completes or alters a

19 written instrument which is or purports to

20 be or which is calculated to become or to

21 represent if completed:  One, a deed,

22 will, codicil, contract, assignment, or a

23 check, draft, note, or other commercial

24 instrument which does or may evidence,

25 create, transfer, terminate, or otherwise

1    affect a legal right, interest,

2    obligation, or status; or, two, a public

3    record or an instrument filed or required

4    or authorized by law to be filed in a

5    public office or with a public employee;

6    or, three, a written instrument officially

7    issued or created by public office, public

8    employees, or government agency.

9         B, forgery in the second degree is a

10    Class C felony.  Alabama Code 13A-9-6,

11    criminal possession of forged instrument

12    in the second degree provides:  A, a

13    person commits the crime of criminal

14    possession of a forged instrument in the

15    second degree if he possesses or utters

16    any forged instrument of a kind specified

17    in Section 13A-9-3 with knowledge that it

18    is forged and with intent to defraud; B,

19    criminal possession of a forged instrument

20    in the second degree is a Class C felony.

21         In the employer and employee

22    relationship the employer is held

23    responsible for his employee's

24    incompetence when notice or knowledge,

25    either actual or presumed, of such

44

1     unfitness has been brought to him.
2     Liability depends upon its being
3     established by substantial evidence by the
4     plaintiff with affirmative proof that such
5     incompetence was actually known by the
6     employer or that had he exercised due and
7     proper diligence he would have learned
8     that which would charge him in the law
9     with such knowledge.
10        Ladies and gentlemen of the jury, the
11    Court will now instruct you on the law of
12    damages.  The burden is on the plaintiff,
13    Regions Bank, to reasonably satisfy you
14    from the evidence of the truthfulness of
15    its claims.  If after consideration of all
16    the evidence in this case you are not
17    reasonably satisfied of the truthfulness
18    of the plaintiff's claims, your verdict
19    should be for the defendants.  In this
20    event you would go no further.  This would
21    end your deliberations.
22        On the other hand, if after a
23    consideration of all the evidence in this
24    case you are reasonably satisfied of the
25    truthfulness of the plaintiff's claims,

1    your verdict should be for the plaintiff,

2    Regions Bank.  In this event it will be

3    necessary for you to arrive at an amount

4    to be awarded in the verdict form which I

5    will read to you and describe later in my

6    charge.

7        I now give you the following rules of

8    law to assist you in your deliberations in

9    arriving at an amount in the event you

10    find for the plaintiff.  Compensatory or

11    actual damages are allowed and should be

12    awarded where the plaintiff reasonably

13    satisfies the jury from the evidence that

14    plaintiff has been injured or damaged as a

15    proximate result of a legally wrongful act

16    on the part of the defendants.  Punitive

17    or exemplary damages are allowed to the

18    plaintiff and may be awarded in the sound

19    discretion of the jury in cases where the

20    plaintiff proves by clear and convincing

21    evidence that the defendant consciously or

22    deliberately engaged in oppression, fraud,

23    wantonness, or malice with regard to the

24    plaintiff.

25        The purpose of awarding compensatory

1    damages is to fairly and reasonably

2    compensate the injured party for the loss

3    or injuries sustained.  Compensatory

4    damages are intended as money compensation

5    to the party wronged to compensate him for

6    his injury and other damages which have

7    been inflicted upon him as a proximate

8    result of the wrong complained of.

9         The purpose of awarding punitive or

10   exemplary damages is to allow money

11   recovery to the plaintiff by way of

12   punishment to the defendants and for the

13   added purpose of protecting the public by

14   deterring the defendants and others from

15   doing such wrong in the future.  The

16   imposition of punitive damages is entirely

17   discretionary with the jury.  Should you

18   award punitive damages, in fixing the

19   amount you must take into consideration

20   the character and degree of the wrong as

21   shown by the evidence in the case and the

22   necessity of preventing similar wrongs.

23   For a plaintiff to be entitled to recover

24   punitive damages the plaintiff must prove

25   by clear and convincing evidence that the

1    defendant consciously or deliberately

2    engaged in oppression, fraud, wantonness,

3    or malice with regard to the plaintiff.

4    Clear and convincing evidence means that

5    when weighed against evidence in

6    opposition will produce in the mind of the

7    trier of fact a firm conviction as to each

8    essential element of the claim and a high

9    probabilty of the correctness of the

10   conclusion.  Oppression means subjecting a

11   person to cruel and unjust hardship in

12   conscious disregard of that person's

13   rights.  Fraud means an intentional

14   misrepresentation, deceit, or concealment,

15   or a material fact or of a material fact

16   the concealing party had a duty to

17   disclose which was gross, oppressive, or

18   malicious, and committed with the

19   intention on the part of the defendant of

20   thereby depriving a person or entity of

21   property or legal rights or otherwise

22   causing injury.  Wantonness means conduct

23   which is carried on with a reckless or

24   conscious disregard for the rights or

25   safety of others.  Malice means the

1    intentional doing of a wrongful act

2    without just cause or excuse either, A,

3    with intent to injure the person or

4    property of another person or entity, or

5    under such circumstances that the law will

6    apply an evil intent.

7         Regions Bank claims that it is

8    entitled to its attorney fees, cost and

9    other litigation expenses it incurred in

10   pursuing this action against the

11   defendants.  Attorneys fees, costs, and

12   other expenses of litigation may only be

13   recovered when authorized by statute, when

14   provided in a contract, or in an equitable

15   proceeding where the efforts of an

16   attorney creates a fund out of which fees

17   may be paid.

18        Regions Bank alleges that the

19   recreational vehicle dealer agreement and

20   retail installment contract and security

21   agreements, which it claims to be

22   contracts between the parties, authorizes

23   it to recover its attorneys fees, cost,

24   and other litigation expenses in the event

25   that your verdict is against the

1    defendants.  If you find that the

2    recreational vehicle dealer agreement

3    and/or retail installment contract and

4    security agreement is a contract between

5    the parties, and that the defendants

6    breached the contract, you may award

7    Regions Bank the amounts of its attorneys

8    fees and other litigation cost and

9    expenses if you find that attorneys fees,

10   costs, and other litigation expenses are

11   authorized by both or either of the

12   contracts.

13        The duty owed by defendant Sunshine

14   to Regions assignor Union Planters was to

15   exercise reasonable care not to injure or

16   damage it; that is, to exercise such care

17   as a reasonably prudent person would have

18   exercised under the same or similar

19   circumstances.  In awarding damages in any

20   case your verdict must not be based on

21   mere speculation or conjecture but must be

22   based upon the evidence and the just and

23   reasonable inferences shown thereby.

24        You will be the sole and exclusive

25   judges of the facts.  It will be your duty

1    to attempt to reconcile the testimony of

2    all the witnesses so as to make them all

3    speak the truth if this can be done

4    reasonably.  If you cannot reasonably

5    reconcile all of the testimony, it is then

6    your duty to consider the testimony with

7    the view of determining what the true

8    facts are.  In so doing you may accept or

9    reject any part of the testimony of any

10   witness and accept only the testimony you

11   consider worthy of belief.

12        In determining what the true facts

13   are from the evidence you may take into

14   consideration any natural interest or bias

15   a witness may have as a result of any

16   connection with the case.  You may take

17   into consideration the interest or bias a

18   witness may have -- may have shown while

19   testifying.  You may take into

20   consideration the demeanor of any witness

21   as to whether the witness has apparently

22   testified frankly or evasively.  You may

23   take into consideration any matter which

24   you would in your everyday affairs in

25   passing upon the truthfulness and accuracy

1    of the testimony.  Weigh the testimony in

2    the light of your common observation and

3    experience and reach a verdict that will

4    be based upon the truth as you determine

5    it from all of the evidence.

6        The burden is upon the plaintiff,

7    Regions, to reasonably satisfy you by the

8    evidence of the truthfulness of the

9    matters and things claimed by them before

10   they would be entitled to recover.  You

11   are the sole judges of the evidence and of

12   the credibility of the witnesses.  You may

13   accept or reject any part of the testimony

14   of any witness, and you should accept only

15   the testimony you consider worthy of

16   belief.  In determining the weight to be

17   accorded the testimony of any witness you

18   may consider the demeanor of the witness

19   while on the witness stand, his apparent

20   candor or evasion or the existence or

21   nonexistence of any bias or interest.

22       The language used in the dealer

23   agreement is framed by the plaintiff,

24   Regions.  Ambiguous provisions of a

25   document will be construed most strongly

1   against the maker/drafter and in favor of

2   the defendant Sunshine.

3        It is your duty as jurors to discuss

4   the case with one another in an effort to

5   reach an agreement if you can do so.  Each

6   of you must decide the case for yourself

7   but only after full consideration of the

8   evidence with the other members of the

9   jury.  While you are discussing the case

10  do not hesitate to reexamine your own

11  opinion and change your mind if you become

12  convinced that you were wrong, but do not

13  give up your honest beliefs solely because

14  the others think differently or merely to

15  get the case over with.  Remember that in

16  a very real way you are the judges, judges

17  of the facts.  Your only interest is to

18  seek the truth from the evidence in the

19  case.

20        When you go to the jury room you

21  should first select one of your members to

22  act as your foreperson.  The foreperson

23  will preside over your deliberations and

24  will speak for you here in court.

25        For your convenience the Court has

1   prepared for your use in this case forms

2   of verdict which will be explained to you.

3   No inferences are to be drawn by you from

4   the fact the Court has supplied you with

5   these forms or from the order in which the

6   Court reads them to you. When you have

7   reached a verdict you will select and

8   complete the form which corresponds to

9   your verdict and which is to be signed by

10  your foreperson. All 12 of you must agree

11  on any verdict which you return to court.

12          Now, there are two verdict forms and

13  you must fill out each of the two forms.

14  The first form -- and they're not

15  numbered, I'm just going to read these to

16  you in this random order -- is verdict

17  form, and it says defendant Sunshine

18  Camping Center, Inc. So this will be your

19  verdict with regard to the defendant

20  Sunshine Camping Center, Inc. The top

21  part of this form reads: If after a full

22  and fair consideration of all the evidence

23  you find for the plaintiff, then you

24  should use the following verdict form:

25  We, the jury, find for the plaintiff and

1     against the defendant Sunshine Camping

2     Center, Inc., and assess the plaintiff's

3     damages as follows.  Then there's a place

4     for you to write in the amount of

5     compensatory damages and a place for you

6     to write in the amount of punitive damages

7     if you find punitive damages.  You'll need

8     to write out the amount in handwritten

9     form and then numerical form so there will

10    be no misunderstanding about what that

11    amount is.  If you do not find that the

12    plaintiff is entitled to punitive damages,

13    then of course you would not award

14    punitive damages.  But if you do find that

15    the plaintiff is entitled to punitive

16    damages, you must have also found that the

17    plaintiff was entitled to compensatory

18    damages.  In other words, you can't award

19    punitive damages without awarding

20    compensatory damages.

21      The bottom part of that form reads in

22    this way:  If after a full and fair

23    consideration of all the evidence you find

24    for the defendant Sunshine Camping Center,

25    Incorporated, then you should use the

1          following verdict form:  We, the jury,

2          find for the defendant Sunshine Camping

3          Center, Incorporated and against the

4          plaintiff, and then the foreperson would

5          sign below that section.

6              On the other verdict form it is

7          exactly the same with the exception that

8          it is for the defendant Jon K. Williams.

9          It reads:  If after a full and fair

10         consideration of all the evidence you find

11         for the plaintiff, then you should use the

12         following verdict form:  We, the jury,

13         find for the plaintiff and against the

14         defendant Jon K. Williams and assess the

15         plaintiff's damages as follows.  Again

16         there's a place for you to enter

17         compensatory and punitive damages if you

18         find that the plaintiff is entitled.  On

19         the bottom of the form, If after a full

20         and fair consideration of all the evidence

21         you find for the defendant Jon K.

22         Williams, then you should use the

23         following verdict form:  We, the jury,

24         find for the defendant Jon K. Williams and

25         against the plaintiff and the foreperson

1      would sign that verdict.

2          At this time I'm going to allow you

3      to go back to the jury room that you've

4      been using.  You are not officially

5      retired and you should not begin your

6      deliberations until the bailiff brings

7      back to you the exhibits that have been

8      entered in the case and the verdict forms.

9      That will be your signal that you can

10     begin your deliberations.  In the meantime

11     perhaps you can go back and take a little

12     break and relax for just a few minutes

13     until we can get that to you.  With that

14     I'll excuse the jurors to go back to the

15     jury room.

16              (The jury left the courtroom.)

17          THE COURT:  Okay.  The Court will

18     hear any matters that need to be brought

19     before it at this time.

20          MR. SMITH:  Your Honor, we are

21     satisfied with the Court's charge with one

22     exception.  We had requested pattern jury

23     charge 28.08, which was our charge number

24     six, regarding joint and several

25     liability.  And in the charge conference

1      the Court indicated that it would not give

2      that charge.  We respectfully except to

3      that ruling as we believe given the facts

4      of this case that it is a proper charge;

5      otherwise, we're satisfied.

6           THE COURT:  All right.  Thank you.

7      Mr. Shirley?

8           MR. SHIRLEY:  Yes, sir.  We have no

9      further objection.  We reincorporate in

10     the jury charge conference our grounds for

11     objection as the basis for the lack of

12     instruction and charges that we went

13     through in the charge conference.

14          THE COURT:  All right.

15          MR. SHIRLEY:  Adopt that, incorporate

16     it, refile it with this motion.

17          THE COURT:  At this time let's

18     address this juror issue.  You'll see it's

19     four o'clock.  And I would suggest to you

20     that there would be a substantial risk

21     that a verdict might not be reached this

22     evening.  And this juror, Deborah Griffin,

23     has provided the Court with a doctor's

24     excuse saying -- let's see:  The above

25     lady is the wife of my patient Barney

1    Griffin who is scheduled for neck disc

2    fusion surgery on May the 4, 2006.  She

3    should be excused from jury duty to help

4    care for her husband.

5        MR. SMITH:  Your Honor, Regions would

6    say that we have no objection to juror

7    Griffin being dismissed and being replaced

8    with juror Skeen, number 163, who was the

9    alternate and who was Regions' last strike

10   in this case.

11       THE COURT:  Is there any objection to

12   the Court taking of that action?

13       MR. SHIRLEY:  No, sir.  Sunshine

14   Camping has no objection.

15       MR. MATTHEWS:  No objection.

16       THE COURT:  I will do that, then.

17   And I would like all the parties to see

18   the court reporter and review your

19   exhibits and just make a statement on the

20   record that all your exhibits are there

21   and accounted for before we send them back

22   to the jury room.

23       MR. SHIRLEY:  I'm satisfied, too.  I

24   always feel uneasy when I take them up

25   there to argue that that's an opportunity

1    for something to get lost.

2        MR. SMITH:  I'm satisfied that both

3    of the ones offered by plaintiff and

4    offered by defendant Sunshine are present.

5        THE COURT:  Ms. Griffin, right here.

6    How are you doing this afternoon?

7        MS. GRIFFIN:  I'm fine.

8        THE COURT:  You're Barney's wife?

9        MS. GRIFFIN:  Yes.

10        THE COURT:  Okay.  I got your excuse

11    here from the doctor --

12        MS. GRIFFIN:  Right.

13        THE COURT:  -- saying that you need

14    to be available for his surgery tomorrow.

15        MS. GRIFFIN:  In the morning at

16    6 o'clock.

17        THE COURT:  Okay.  Well, since it's

18    four o'clock and y'all haven't started

19    deliberating yet and we do have an

20    alternate juror which we use just for this

21    very purpose, I'm going to excuse you at

22    this time.

23            (Juror Griffin was excused.)

24            (Jury received the evidence at

25                4:05.)

60

```
 1                    (The following was heard May 4,
 2              2006.)
 3                    THE COURT:  Mr. Shirley, if you want
 4              to make reference to this document, you
 5              can do so.
 6                    MR. SMITH:  If you want to offer
 7              it -- both of us can offer it.
 8                    THE COURT:  I'm going to file it.
 9              I'm going to --
10                    MR. SMITH:  You'll make it -- okay.
11                    THE COURT:  -- file it in the file.
12                    MR. SMITH:  As long as it makes it in
13              the Court's record, Your Honor.
14                    MR. SHIRLEY:  It can be a Court
15              exhibit.
16                    MR. SMITH:  Yeah, Court's exhibit, I
17              think that'd be appropriate.
18                    MR. SHIRLEY:  On behalf of Sunshine
19              we have been presented a question.  We
20              object to the Court answering the
21              question.  The question asks for matters
22              that have already been charged to the
23              jury.  Any response from the Court to the
24              jury, we find objectionable.  We find it
25              objectionable because it would be an
```

```
 1            invasion of the Court and an apparent
 2            suggestion to the jury that the Court is
 3            directing them what to do.  The verdict
 4            form to be entered, the Court spent time
 5            telling them what they were supposed to
 6            do.  They have a document in there that
 7            allows for a resolution of the verdict
 8            that is consistent with this question, if
 9            that's what they want to do.  If you were
10            to answer affirmatively or negatively this
11            question that has been asked without a
12            full-blown presentation explanation of the
13            law and how they are to apply the facts to
14            the law, like you spent better than an
15            hour doing yesterday, it would unduly
16            suggest to them that the Court is
17            directing them to enter a verdict of this
18            nature.
19                 In all due respect to the Court I
20            know that would not be the Court's intent
21            to make any kind of suggestion, but their
22            deliberations and their question here,
23            they have some commentaries at the bottom
24            that aren't supposed to be answered
25            either.  They're just making commentaries.
```

1        The asterisk at the bottom, the purpose or

2        intent of what they're trying to

3        accomplish.

4             And the point that I'm further making

5        to the Court is you charged them on that.

6        And although the suggestion might be that

7        this is what the jury wants to know, the

8        truth of the matter is nobody can rule out

9        that it isn't something that just one or

10       two of the jurors want to know.  And if,

11       in fact, that's what happens, we

12       respectfully submit that it would be

13       giving undue emphasis to the position as

14       the questions are indicated adverse to

15       Sunshine when they've already been told

16       all this.  And Sunshine believes that the

17       best thing to do would be for the Court to

18       advise them that -- the best thing in my

19       judgment would be for the Court to advise

20       the jury that the Court believes that the

21       instructions into that question are in the

22       record and that at this juncture there

23       will be no response affirmative or

24       negatively.

25            THE COURT:  Let me say something here

1    before you make your argument, Mr. Smith.

2    I think Mr. Shirley has a point in

3    reconsidering this about the verdict

4    forms.  I believe that if the Court simply

5    states to the jury that a review of the

6    verdict forms themselves should answer

7    this question for them, because the

8    verdict forms say if you're reasonably

9    satisfied from the evidence that the

10   plaintiff is entitled to a verdict against

11   Sunshine, then you would render the

12   following verdict.

13        Before I give them any other

14   instructions other than that, I think it

15   might be the best thing for the Court just

16   to ask them to review the verdict forms,

17   which would actually speak for themselves.

18        MR. SMITH:  Your Honor --

19        THE COURT:  What do you think about

20   that?

21        MR. SMITH:  Your Honor, we would say

22   first that we think given the context of

23   the question -- and the Court has

24   indicated that it will make this note page

25   with this question or questions --

1    actually they're two are written -- on a
2    Court's exhibit to the record.  We think
3    under the context of the question as
4    expressed with our intent at the bottom
5    and it goes on that the Court can answer
6    that question without unduly prejudicing
7    the defendant or without giving a charge
8    that says you must find.  I think the
9    Court can instruct that under the verdict
10    forms you can find for either or both or
11    neither.  It's up to you to make that
12    determination and the verdict forms
13    explain that.
14         So we believe, Your Honor, that it
15    would be appropriate for the Court to
16    answer that question.  The Court can
17    answer it in a neutral manner that does
18    not suggest an answer one way or -- excuse
19    me.  The Court can charge or answer the
20    question in a neutral manner that does not
21    indicate any direction by the Court as to
22    how the jury should find, but that should
23    the jury find in a certain way, they may
24    do the things that they have asked about
25    in the question.

1          THE COURT:  Okay.

2          MR. MATTHEWS:  Judge, this may be

3     simplistic but I think the proper thing to

4     tell the jury is that they're the jury and

5     they can do whatever they want to in the

6     parameters of what you instructed them.

7     And that would -- that's a simplistic way

8     to deal with it.  But basically you're

9     telling them, yes, they can do that or

10     they can do something else.

11          MR. SHIRLEY:  And that's our point on

12     behalf of Sunshine, Your Honor.

13          MR. MATTHEWS:  I think that's the

14     fair way to do it, Judge, is say you're

15     the jury, you can do whatever you want to

16     do either way and your -- and you've got

17     forms back there to take care of it.  I've

18     had this come up before in another case,

19     same exact.

20          THE COURT:  Okay.  If you will, let's

21     just bring the -- well, I'll tell you

22     what.

23          MR. SMITH:  Can we --

24          MR. MATTHEWS:  You can go back there,

25     Judge.

1              MR. SMITH: You can go back there,
2      Judge. I think you can.
3              MR. SHIRLEY: If you --
4              THE COURT: With the court reporter?
5              MR. SMITH: Sure, sure.
6              MR. SHIRLEY: That'd be fine.
7              MR. SMITH: I think that'd be fine.
8              MR. SHIRLEY: We don't have any
9      objection, with this reservation. I
10     guess -- do we know what you're gonna say?
11             THE COURT: Well, I'll let y'all
12     stand right there in the hall and listen
13     to it.
14                  (The following was heard in the
15                   jury room with the attorneys
16                   present.)
17             THE COURT: Okay. Y'all may be
18     seated if you want to. You might want to
19     stand up. You might be tired of sitting
20     down, I don't know. Okay. I have
21     received your questions and I have
22     reviewed them. The first question: Can
23     we award compensatory damages against
24     Sunshine Camping, Inc., in addition to can
25     we award compensatory and punitive damages

```
1      versus Sunshine Camping Center defendants
2      Jon K. Williams.
3           You have the verdict forms here that
4      I have reviewed with you.  And the verdict
5      form states that if after a full and fair
6      consideration of all the evidence you find
7      for the plaintiff, which is Regions Bank,
8      then you should use the following verdict
9      form.  Then the verdict form provides:
10     We, the jury, find for the plaintiff and
11     against the defendant Sunshine Camping
12     Center, Inc. and assess plaintiff's
13     damages as follows.  And then there's a
14     place for you to fill in compensatory
15     damage and punitive damages.
16          Now, my instruction to you regarding
17     that was that you cannot award punitive
18     damages without awarding compensatory
19     damages.  You can based upon your findings
20     as to whether or not punitive damages
21     should be awarded, award compensatory
22     damages and not punitive damages, but you
23     can't do the reverse.
24          And then the same is true with regard
25     to Jon Williams.  The verdict form reads
```

 1          the same.  If after a full and fair
 2          consideration of all the evidence you find
 3          for the plaintiff against Jon K. Williams,
 4          then you should use the following verdict
 5          form:  We, the jury, find for the
 6          plaintiff against the defendant Jon K.
 7          Williams and assess the plaintiff's
 8          damages as follows.  And then you would
 9          determine what damages you're going to
10          assess against defendant Jon K. Williams.
11          And the same explanation, a place there.
12          You can't award punitive without awarding
13          compensatory.  You can award compensatory
14          without awarding punitive if that is your
15          decision and your finding.
16               And of course you can also if you
17          find that that the defendant -- if you
18          find after consideration -- full and fair
19          consideration of all the evidence you find
20          for the defendant Jon K. Williams, then
21          you should use the following verdict form:
22          We, the jury, find for the defendant Jon
23          K. Williams.  The same would be true with
24          regard to Sunshine Camping Center.  If
25          after a full and fair consideration of all

```
1      the evidence you find for the defendant
2      Sunshine Camping Center, Inc., then you
3      should use the following verdict form:
4      We, the jury, find for the defendant
5      Sunshine Camping Center, Inc., against the
6      plaintiff.
7          I hope that adequately answers your
8      question.  I believe that's, you know, the
9      fairest answer that I can give you in
10     fairness to all the parties' concerns.  So
11     I'm gonna ask you to continue your
12     deliberation, reviewing the verdict forms
13     if you need to.  And I believe they're
14     really self-explanatory as far as the
15     questions that you've asked the Court
16     about.
17         MS. COLLIER:  One more question?
18         THE COURT:  Well --
19         MS. COLLIER:  So either --
20         THE COURT:  Go ahead and ask your
21     question.
22         MS. COLLIER:  -- or, not both?
23         THE COURT:  Yes, you can award the
24     damages against both defendants if that's
25     your finding.
```

1          MS. COLLIER: Okay. Thank you.

2                (The following was heard in open

3                court.)

4                (The jury entered the

5                courtroom.)

6          THE COURT: Madam foreperson, has the

7     jury reached a verdict?

8          MS. COLLIER: We have, Your Honor.

9          THE COURT: I'm gonna ask you, if you

10    will, just to fold it in half and give it

11    to the bailiff there and let him bring it

12    to me, please. Okay. Now, we only have

13    one verdict form here. We're gonna need

14    the other verdict form as well. Have you

15    reached a verdict with regard to the

16    defendant Jon Williams?

17         MS. COLLIER: We did. All of our

18    judgment will be on that piece of paper.

19    Do I need to sign the second one?

20         THE COURT: Yes, ma'am. I'm going to

21    excuse y'all to go back into the jury

22    room. There has to be a verdict for each

23    defendant.

24         MS. COLLIER: There does? Okay.

25         THE COURT: And so I'm going to

1           excuse y'all at this time to go back to

2           the jury room, and I'm going to give you

3           this verdict form as well.

4                    (The jury left the courtroom.)

5                    (Break in the proceedings.)

6                    (The jury entered the

7                    courtroom.)

8              THE COURT:  Okay.  Madam foreperson,

9           if you would give the bailiff there your

10          verdicts.  Okay.  I'll now read the

11          verdicts that have been handed to me.

12          First the verdict form Defendant Sunshine

13          Camping Center, Incorporated.  We, the

14          jury, find for the plaintiff and against

15          the defendant Sunshine Camping Center,

16          Incorporated and assess the plaintiff's

17          damages as follows:  Compensatory

18          $143,000.79; punitive damages, nothing is

19          entered there.  Signed by the foreperson

20          Tammy Parker Collier.

21            On the verdict form for defendant Jon

22          K. Williams:  We, the jury, find for the

23          plaintiff and against the defendant Jon K.

24          Williams and assess the plaintiff's

25          damages as follows:  $96,894.32; punitive,

1     no entry made there.  Signed by Tammy

2     Parker Collier.  Ms. Collier, is this --

3     are these verdicts the verdicts of the

4     jury?

5           MS. COLLIER:  Yes, Your Honor.

6           THE COURT:  Okay.  At this time I

7     would like to express the Court's thanks

8     and appreciation for your service this

9     week.  I know it's been a long week.  For

10    jurors to have to serve, you know,

11    three-and-a-half days, that's a pretty

12    long term of service here in Dale County.

13    Most cases don't last quite that long, so

14    I know it's been perhaps an inconvenience

15    and a sacrifice for all of you to be away

16    from your homes, your families, and your

17    work for this period of time.  But it is a

18    tremendous service that you have given

19    Dale County and the citizens of this

20    community in rendering this service as

21    jurors in this case.

22          Ms. Bludsworth will have a check, a

23    small token of the State's appreciation

24    for your service.  She'll be getting that

25    out in the mail to you probably tomorrow.

1   So with that I will excuse you at this

2   time to go about your business.  Thank you

3   so much.

4            (Jury dismissed.)

5       THE COURT:  With that I will have the

6   file in my office here.  The verdict forms

7   will be available for y'all to make a copy

8   of and to get anything else out of the

9   file that you might want at this time.

10  And are there any other matters need to be

11  brought before the Court at this time?

12      MR. SMITH:  Regions has nothing

13  further, Your Honor.

14      THE COURT:  Thank y'all.

15           (End of Proceedings.)

16

17

18

19

20

21

22

23

24

25

74

1     <u>REPORTER'S CERTIFICATE</u>

2     STATE OF ALABAMA

3     DALE COUNTY

4          I, Stephanie H. German, Court Reporter and

5     Notary Public, State at Large, do hereby certify

6     that the foregoing transcript is a true and correct

7     reproduction of my machine shorthand notes taken on

8     said occasion.

9          WITNESS my hand this the 23rd day of May, 2006.

10

11

12     STEPHANIE H. GERMAN - COURT REPORTER

13

14

15

16

17

18

19

20

21

22

23

24

25