IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, etc., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:05cv1024-MHT (WO) |
| SUNSHINE CAMPING CENTER, INC., etc., et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

Plaintiff Auto-Owners Insurance Company has brought
this federal lawsuit against defendants Sunshine Camping
Center, Inc. and Union Planters Bank, N.A. (also known as
Regions Bank, N.A.), seeking a declaration as to whether
it is obligated to defend and pay any judgment against
Sunshine Camping with regard to Union Planters's state-
court complaint, cross-claim and third-party claim
against Sunshine Camping. Auto-Owners has invoked the

jurisdiction of the court based on diversity of citizenship. 28 U.S.C. § 1332. This cause is now before the court on Auto-Owners's motion for summary judgment against Sunshine Camping and Union Planters.

The undisputed facts appear to be as follows: In August 2004, Union Planters filed several charges against Sunshine Camping in the Circuit Court of Dale County alleging, in essence, that Sunshine Camping obtained funds from Union Planters through the submission of false, fraudulent, and forged documents. In November 2004, in another lawsuit in the Circuit Court of Dale County, filed by Robert M. McAllister against Sunshine Camping and Union Planters for the same conduct, Union Planters filed a cross-claim and third-party claim against Sunshine Camping. Union Planters's cross-claim and counter-claim against Sunshine Camping appear to be subsumed by the allegations in Union Planters' complaint.

In May 2006, a jury entered judgment in favor of Union Planters in its lawsuit against Sunshine Camping.

Auto-Owners filed this federal lawsuit against Sunshine
Camping and Union Planters alleging that its policies of
insurance do not provide liability insurance coverage for
any of the claims, damages actions, or judgments against
Sunshine Camping with respect to Union Planters's
complaint, cross-claim, and third-party claim against
Sunshine Camping.

Auto-Owners now seeks summary judgment against
Sunshine Camping and Union Planters pursuant to Rule 56
of the Federal Rules of Civil Procedure. This Rule
provides that summary judgment is appropriate where there
is no genuine issue of material fact and the moving party
is entitled to a judgment as a matter of law. Neither
Sunshine Camping nor Union Planters have responded to
Auto-Owners's summary-judgment motion. In light of
Sunshine Camping and Union Planters' failure to alert
this court of any genuine issues of material fact with
regard to Auto-Owners' motion for summary judgment, the

3

court will grant summary judgment in favor of Auto-Owners and against Sunshine Camping and Union Planters.

DONE, this the 8th day of August, 2006.

        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE